**William H. CHRISTMAN, Plaintiff,**

v.

**COMMONWEALTH OF PENNSYLVANIA and Gerald S. Lesher, Esq., Defendants.**

**Civ. A. No. 67–984.**

United States District Court
W. D. Pennsylvania.

Sept. 14, 1967.

William H. Christman, pro se.

Wm. C. Sennett, Atty. Gen. of Pennsylvania, Harrisburg, Pa., for Commonwealth of Pennsylvania.

Gerald S. Lesher, Pittsburgh, Pa., pro se.

## OPINION AND ORDER

MARSH, District Judge.

William H. Christman, a state prisoner, filed a complaint under the Civil Rights Act, § 1983, Title 42 U.S.C.A., in which the defendants named are "Commonwealth of Pennsylvania Respondents, et al." and "Gerald S. Lesher, Esq., (Court Appointed Counsel) of Pittsburgh, Pa.".

On September 12, 1967, Gerald S. Lesher, Esq., at the suggestion of this court, accepted service of the summons and complaint. In the complaint plaintiff demands $50,000 damages from the defendant Lesher, who allegedly was the plaintiff's court-appointed counsel in a 1966 habeas corpus proceeding in the Court of Common Pleas of Allegheny County, Pennsylvania, in which Lesher allegedly violated the plaintiff's civil rights.

The plaintiff does not seek damages from the Commonwealth of Pennsylvania. He avers he was convicted of murder in 19⸬ and sentenced to life imprisonment. He prays for a new trial or a sentence of 10–20 years imprisonment instead of the sentence of life imprisonment he is now and has been serving since 1951. After a hearing in the habeas corpus action, the state court denied the sought for relief.

Obviously, the complaint does not state a cause of action upon which relief can be granted against the Commonwealth of Pennsylvania. This federal court cannot treat a state prisoner's civil rights complaint as a petition for a writ of habeas corpus inasmuch as the warden of the state prison in which the prisoner is incarcerated is not a party to the action. Further, the Civil Rights Act may not be used to circumvent federal habeas corpus statutes. Gaito v. Strauss, 368 F.2d 787 (3d Cir. 1966), affg. 249 F.Supp. 923 (W.D.Pa.1966). Finally, the Commonwealth of Pennsylvania is not a "person" within the meaning of § 1983, Title 42 U.S.C.A., making persons depriving others of civil rights liable to persons injured. Accordingly, this federal court does not have jurisdiction of suits under civil rights statutes, of any claim against the Commonwealth of Pennsylvania.

Although the plaintiff has paid the $15.00 fee for filing the complaint, he subsequently presented an affidavit of poverty in which he avers, inter alia, that he cannot pay the cost of service of the summons and complaint upon the defendants and desires to proceed in forma pauperis. He also requests the appointment of counsel.

Since it appears that the defendant, Gerald S. Lesher, Esq., has accepted service of the summons and complaint, it is now unnecessary to direct the Marshal to serve him with process without prepayment of costs.

Since the complaint does not state a cause of action against the Commonwealth of Pennsylvania, it is unnecessary to direct the Marshal to serve it with process without prepayment of costs.

Appointment of counsel at this time is denied.