James Hoey **FEAR**, Appellant,

v.

**COMMONWEALTH OF PENNSYLVANIA and R. K. Johnson, Warden, York County Prison, York, Pennsylvania.**

No. 17570.

United States Court of Appeals
Third Circuit.

Submitted on Briefs June 13, 1969.

Decided July 10, 1969.

Certiorari Denied Nov. 17, 1969.
See 90 S.Ct. 278.

---

---

James Hoey Fear, pro se.

S. Asher Winikoff, Deputy Atty. Gen., Dept. of Justice, Harrisburg, Pa. (William C. Sennett, Atty. Gen., Harrisburg, Pa., on the brief), for appellees.

Before STALEY, FREEDMAN and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

The appellant, an inmate at the York County Prison in Pennsylvania, filed a complaint in the court below seeking damages and injunctive relief against the prison warden and the Commonwealth of Pennsylvania for "a denial of medical care." The jurisdiction of the court was invoked under the Civil Rights Act of 1871, 42 U.S.C.A. § 1983.

The complaint alleged that the appellant was transferred from the state correctional institution at Graterford to York at a time when his fractured wrist, then in a cast, required medical treatment. When appellant's requests for return to Graterford for further treatment were allegedly ignored, and with no care forthcoming at York, the complaint was filed below.

Accepting the allegations contained in the complaint as true, the district court nevertheless dismissed the action on the basis that it failed to state a claim for which relief could be granted. We conclude that the court acted correctly.

We have previously ruled that a state is not a "person" subject to liability under the Civil Rights Act of 1871. United States ex rel. Gittlemacker v. County of Philadelphia, et al., 413 F.2d 84 (3 Cir. 1969). Thus, this action was properly dismissed as against the Commonwealth.

The action against the warden amounted to nothing more than a claim of improper medical care. This Court has held that such an allegation is legally insufficient to establish a denial of rights secured under the federal constitution or laws. Com. of Pa. ex rel. Gatewood v. Hendrick, 368 F.2d 179 (3 Cir. 1966), cert. denied 386 U.S. 925, 87 S.Ct. 899, 17 L.Ed.2d 797 (1967). The action against the warden was therefore properly dismissed.

Accordingly, the judgment of the district court will be affirmed.