479 F.2d 603
 Aldine ROCHESTER, Individually and on behalf of her minor
child; Rose Gibson, Individually and on behalf of her seven
minor children; Individually and on behalf of all others
similarly situated, Appellants,
v.
Herbert M. BAGANZ, Secretary of Health and Social Services,
Individually and in his official capacity; and Jack B.
White, Director of Social Services, Individually and in his
official capacity, Defendants, Third-Party Plaintiffs,
v.
Elliott L. RICHARDSON, United States Secretary of Health,
Education and Welfare and John D. Twiname, Administrator,
Social and Rehabilitation Service, United States Department
of Health, Education and Welfare, Third-Party Defendants.
 No. 72-1544.
 United States Court of Appeals,
Third Circuit.
 Argued April 12, 1973.
Decided May 29, 1973.
 
 John S. Grady, Community Legal Aid Society, Inc., Wilmington, Del., for appellants.
 Kent Walker, State Solicitor, Wilmington, Del., for Herbert M. Baganz and Jack B. White.
 E. Grey Lewis, Acting Asst. Atty. Gen., F. L. Peter Stone, U. S. Atty., Morton Hollander, Leonard Schaitman, Michael Kimmel, Attys., Dept. of Justice, Washington, D. C., Thomas Scarlet, Cade Morrow, Attys., U. S. Dept. of Health, Education and Welfare, Attys. for Elliott L. Richardson and John D. Twiname.
 Before ADAMS, GIBBONS and WEIS, Circuit Judges.
 OPINION OF THE COURT
 GIBBONS, Circuit Judge.
 
 
 1
 By 31 Del.C. Secs. 321-31 the State of Delaware has adopted the Aid to Families with Dependent Children (AFDC) public assistance program authorized by Title IV of the Social Security Act of 1935, 42 U.S.C. Secs. 601-44, as amended. The defendants Baganz, Secretary of the Delaware Department of Health and Social Services, and Jack B. White, Director of the Division of Social Services in Delaware, (the state defendants)[1] have state administrative responsibility for AFDC. The third-party defendants, the Secretary of Health, Education and Welfare and the Administrator, Social and Rehabilitation Service, Department of Health, Education and Welfare (the federal defendants) have federal administrative responsibility for AFDC. The plaintiffs, suing on their own behalf and on behalf of all others similarly situated,[2] are eligible recipients of AFDC public assistance.
 
 
 2
 On October 27, 1971, as a result of conferences among the state defendants and the Governor of Delaware, it was determined that effective November 1, 1971 AFDC public assistance payments to plaintiffs and other members of the class should be reduced by 11.7% below the amounts theretofore paid under the same conditions of eligibility. On October 27, 1971 notices were sent to the plaintiffs and other class members which read:
 
 
 3
 "STATE OF DELAWARE
 
 Department of Health and Social
 Services
 Division of Social Services
 October 27, 1971
 
 4
 The Division of Social Services must adjust your assistance grant effective November 1971. This grant adjustment is a policy change necessitated by limitation of available funds and to correct an error made in September. You have the right to appeal and have a fair hearing; you may be represented by legal counsel or anyone of your choice; you have a right to informal conference in our Division which in no way affects your right to a formal hearing. Contact your worker if you wish to appeal.
 
 
 5
 John E. Hiland, Jr., Director"
 
 
 6
 This notice was received by plaintiffs, and presumably by most other class members, on October 29, 1971. Some class members, however, did not receive any prior notice of the reduction. On November 6, 1971 plaintiffs, and presumably most other class members, received their public assistance checks for the month of November which reflected the 11.7% reduction.
 
 
 7
 On November 4, 1971 the plaintiffs filed a complaint against the state defendants. The complaint sought a temporary restraining order and preliminary and permanent injunctions restraining the state defendants from enforcing the reduction in payments without adequate prior notice and directing them to issue new checks for the month of November in the amount of the original benefits. The complaint alleges two grounds for relief; (1) that in administering the program the state defendants are bound by the federal regulations and the provisions of the Delaware Public Assistance Manual concerning notice and hearing prior to reduction of benefits; and (2) that reduction of benefits without notice and hearing violated the due process clause of the fourteenth amendment. Preliminary injunctive relief was denied, 337 F.Supp. 350. The state defendants filed a third-party complaint against the federal defendants seeking a declaration that the federal regulations on which the plaintiffs rely are unlawful and unenforceable. Thereafter the plaintiffs and the state defendants made cross motions for summary judgment, and the federal defendants moved to dismiss the complaint. On May 12, 1972 the district court entered an order granting the state defendants' motion for summary judgment and denying that of the plaintiffs.[3] Plaintiffs appeal from that order.
 
 
 8
 The district court held (1) that the governing federal notice and fair hearing regulations and the parallel provisions of the Delaware Public Assistance Manual did not apply to an across-the-board percentage reduction carried out to keep expenditures within state appropriations, and (2) that the constitutional notice and fair hearing requirements announced in Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), and Wheeler v. Montgomery, 397 U.S. 280, 90 S. Ct. 1026, 25 L.Ed.2d 307 (1970), were inapplicable to reductions as a result of a uniform statewide policy rather than as a result of individual circumstances of the recipient.
 
 
 9
 In administering the AFDC program, although the states have some latitude in determining standards of need, Dandridge v. Williams, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970), if they participate in the program they must do so in compliance with the provisions of Title IV of the Social Security Act of 1935. Rosado v. Wyman, 397 U.S. 397, 90 S.Ct. 1207, 25 L.Ed.2d 442, (1970); Shapiro v. Thompson, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969); King v. Smith, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968). Moreover, the states must comply with valid regulations issued by the Secretary of Health, Education and Welfare governing the program. E. g., King v. Smith, supra at 333 n. 34, 88 S.Ct. 2128 n. 34; Serritella v. Engelman, 462 F.2d 601 (3d Cir. 1972) (per curiam), aff'g 339 F.Supp. 738 (D.N.J.); Almenares v. Wyman, 453 F.2d 1075 (2d Cir. 1971), cert. denied, 405 U.S. 944, 92 S.Ct. 962, 30 L.Ed.2d 815 (1972). The federal regulation on which plaintiffs rely was before this court in Serritella v. Engelman, supra, in another context, and was in that context sustained as a valid exercise of the Secretary's rulemaking authority binding on the states. It is 45 C.F.R. Sec. 205.10, dealing with notice and fair hearings, which in present form was published on February 13, 1971 to be effective on April 14, 1971. 36 Fed.Reg. 3034 et seq. At issue here is 45 C.F.R. Sec. 205.10(a)(5):
 
 
 10
 "In cases of any proposed action to terminate, suspend or reduce assistance:
 
 
 11
 (i) The State or local agency will give timely and adequate advance notice detailing the reasons for the proposed action. Under this requirement:
 
 
 12
 (a) 'Timely' means that notice is mailed at least 15 days before the action is to be taken.
 
 
 13
 (b) 'Adequate advance notice' means a written notice that includes details of reasons for the proposed agency action, explanation of the individual's right to conference, his right to a fair hearing and the circumstances under which assistance is continued if a fair hearing is requested."
 
 
 14
 The notice given in this case did not comply. It was untimely. 45 C.F.R. Sec. 205.10(a)(5)(i)(a). The state defendants urge, however, and the district court held, that this regulation was not intended to apply to a general reduction of the level of benefits. The regulation requires that, in case of any proposed action to terminate, suspend or reduce a beneficiary's payments, the recipient must be given at least fifteen days notice, an opportunity for a conference and an opportunity to request a fair hearing. If a hearing is timely requested the regulation requires that assistance payments be continued at their previously established level until a fair hearing decision is rendered, unless the state agency makes a determination that the only issues involved are issues of state law or policy. 45 C.F.R. Sec. 205.10(a)(5)(iii) (a)(1). Thus, an across-the-board reduction based on state law or policy may be put into effect prior to a fair hearing, but only after fifteen days notice, after a state agency determination that only such law or policy issues are involved and subject to a post-reduction fair hearing. 45 C.F.R. Sec. 205(a)(5)(iii) (a)(1); Delaware Public Assistance Manual Sec. 5100 et seq. The Secretary interprets his own regulations as requiring fifteen days prior notice even for across-the-board reductions and the regulation on its face is not susceptible of any other reading.
 
 
 15
 The State contends that so interpreted the regulation is inconsistent with the Act. Regulations issued pursuant to the broad rulemaking authority granted to the Secretary by 42 U.S.C. Sec. 1302 must be sustained if reasonably related to the purposes of the Act, and are entitled to the usual deference afforded the agency charged with its administration. Lewis v. Martin, 397 U.S. 552, 90 S.Ct. 1282, 25 L.Ed.2d 561 (1970). The Act expressly requires that state plans:
 
 
 16
 "provide for granting an opportunity for a fair hearing before the State agency to any individual whose claim for aid to families with dependent children is denied or is not acted upon with reasonable promptness." 42 U.S. C. Sec. 602(a)(4).[4]
 
 
 17
 The Secretary construes denial of benefits to include reductions which are treated as pro tanto denials. We have already upheld that construction in Serritella v. Engelman, supra, which holds that 45 C.F.R. Sec. 205.10 validly imposes a requirement for a state level fair hearing in advance of termination or reduction of benefits in individual cases. That case included class members as to which fact issues might be in dispute between the recipient and the state agency. In such cases, we held, a fair hearing prior to termination may lawfully be required by regulation. Here we deal with class members as to which, individually, there may be no factual dispute. The regulation permits termination or reduction in such cases without a prior fair hearing, but only after fifteen days notice. The Secretary urges that even in cases of across-the-board reductions such advance notice is necessary, or at least appropriate, for the orderly administration of welfare programs. He urges that in a program designed to meet subsistence needs recipients ought to be informed in advance if their payments are to be cut for any reason, so that they may be able to plan for the cut, and to the extent possible adjust to it. We agree that it was well within the range of the Secretary's rulemaking authority to insist, as a condition for state participation in the AFDC program, that each state manage its fiscal affairs so as to be able to provide at least this minimum advance warning to beneficiaries about to be deprived of benefits upon which they may have been counting heavily.
 
 
 18
 The post-reduction fair hearing requirement, applicable to reductions or terminations based on law or policy, is based upon the Secretary's concern that the state's law or policy determination, when applied to an individual case, might be erroneous. An example, not presented in this case, might be a state law or policy such as a "man assuming the role of a spouse" rule, which was involved in Lewis v. Martin, supra, and which might well be erroneously applied in an individual case. The example applicable to this case is the potential miscalculation of the amount of a recipient's reduced benefit as a result of a computer error. We conclude that the Secretary's concern about the possibility of such cases justifies his insistence upon affording recipients an opportunity for a postreduction fair hearing even for general reductions based upon law or policy.
 
 
 19
 Our conclusion that both the fifteenday notice regulation and the post-reduction fair hearing regulation are consistent with the Act is reenforced by the statement of purpose for Title IV Part A found in Sec. 42 U.S.C. Sec. 601. The primary objects of congressional concern are needy dependent children and the parents or relatives with whom they are living. Clearly the Secretary's paternalistic approach reflected in 45 C.F.R. Sec. 205.10(a) is consistent with that concern.
 
 
 20
 Since we have concluded that the district court erred by ruling that the notice provision in 45 C.F.R. Sec. 205.10 is inapplicable to across-the-board reductions, the case must be reversed on this ground. We have no occasion to reach the court's treatment of the plaintiffs' claim that notice prior to termination was also required by Goldberg v. Kelly, supra, and Wheeler v. Montgomery, supra, since the nonconstitutional statutory ground affords a sufficient basis for our decision.
 
 
 21
 Nor, in this appeal, do we determine the appropriate relief. Undoubtedly on remand the plaintiffs will contend for full retroactive reimbursement and the state defendants will contend for prospective or declaratory relief only. The matter is before us on cross motions for summary judgment rather than with a full record. We cannot balance the general public interest against the equities of the class members without such a record. That should, in any event, be done in the first instance by the district court.
 
 
 22
 The judgment will be reversed and the case remanded to the district court for further proceedings consistent with this opinion.
 
 
 23
 Each party to bear its own costs.
 
 
 
 [1]
 By an order of this court on August 25, 1972 Herbert M. Baganz was substituted for Albert L. Ingram and Jack B. White for John Hiland
 
 
 [2]
 A class action order was entered by the district court
 
 
 [3]
 The opinion of the district court also grants the motion of the federal defendants to dismiss the third-party complaint. No appeal has been taken from that determination. The federal defendants have tendered for filing a brief as appellee, but supporting the appellants' position. Since they are not affected by the order appealed from we have considered the brief as if filed in an amicus curiae capacity
 
 
 [4]
 See to the same effect, 42 U.S.C. Sec. 302 (a)(4) (state old age and medical assistance plans); id. Sec. 1202(a)(4) (state plans for aid to the blind); id. Sec. 1352(a)(4) (state plans for aid to the permanently and totally disabled); id. Sec. 1382(a)(4) (state plans for aid to aged, blind, or disabled or for medical assistance for the aged); id. Sec. 1396a(a)(3) (state plans for medical assistance)