William P. **HAHN** et al., Plaintiffs,

v.

Albert L. **INGRAM**, M.D., Secretary, Department of Health and Social Services, State of Delaware, Successor to Board of Trustees of the Department of Mental Health, et al., Defendants.

Civ. A. No. 4299.

United States District Court,
D. Delaware.

Aug. 20, 1973.

Melvyn I. Monzack of Walsh & Monzack, Wilmington, Del., for plaintiffs.

Richard S. Gebelein, Deputy Atty. Gen., Wilmington, Del., for defendants.

## MEMORANDUM OPINION AND ORDER

LATCHUM, District Judge.

The plaintiffs in this private action [1] seek to recover overtime compensation and an additional equal amount of liquidated damages allegedly due them for services rendered as employees [2] of the Governor Bacon Health Center ("Center"). The Center is a State of Delaware hospital facility established primarily for the care and treatment of emotionally maladjusted, mentally ill, handicapped or crippled children between the ages of 4 and 16 years of age.[3] The Center is operated as a division within the Delaware Department of Health and Social Services and its maintenance and operating costs are financed by public funds from the treasury of the State of Delaware.[4] The named defendants are: Albert Ingram, Secretary of the Department of Health and Social Services of the State of Delaware; Kurt Anstreicher, Superintendent, and Cor DeHart, Assistant Superintendent, of the Center.

---

1. This action was not brought by the U. S. Secretary of Labor as he is authorized to do by 29 U.S.C. § 216(c).

2. The plaintiffs allege they were employed either as House parents or Child counselors. Docket Item 5, pars. 8 & 9.

3. 16 Del.C. § 5321.

4. 16 Del.C. §§ 5111 and 5306.

The case is presently before the Court on the defendants' motion to dismiss for lack of jurisdiction.

The complaint as amended [5] alleges two alternative grounds for this Court's jurisdiction. First, recovery is sought under Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b), with jurisdiction based upon 28 U.S.C. § 1337 which confers original jurisdiction on this Court "of any civil action or proceeding arising under any Act of Congress regulating commerce" without regard to citizenship of the parties or the amount in controversy.[6] Alternatively, recovery is sought under the Civil Rights Act of 1871, 42 U.S.C. § 1983, with jurisdiction based upon 28 U.S.C. § 1343(3) and (4) which confers original jurisdiction on this Court "to redress the deprivation, under color of any State law, . . . custom or usage of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens . . . ".[7]

At the outset it is important to note that the plaintiffs have eschewed any recovery against the defendants in their individual capacities and seek only recovery against them in their official capacities as public officers of the State of Delaware.[8]

The Court will deal first with the jurisdictional grounds based on the Fair Labor Standards Act and 28 U.S.C. § 1337. As the name implies, that Act, 29 U.S.C. § 201 et seq., is a comprehensive Congressional enactment regulating conditions of work, including hours and compensation, of those employed in enterprises engaged in commerce, in the production of goods for commerce, or otherwise working on goods that have been moved in or have been produced for commerce. The Center is a State hospital covered by the Act. 29 U.S.C. § 203(s)(4); Maryland v. Wirtz, 392 U.S. 183, 193–199, 88 S.Ct. 2017, 20 L.Ed.2d 1020 (1968). An employer who violates the wages or hours provisions of the Act is liable to his employees under Section 16(b), 29 U.S.C. § 216(b). In the instant case, the State of Delaware is the employer of the plaintiffs. 29 U.S.C. § 203(d) and 203(r)(1). However, the Supreme Court has recently ruled that although the 1966 amendments to the Fair Labor Standards Act extended statutory coverage to state employees, the legislative history disclosed no Congressional purpose to deprive a State of its constitutional immunity, under the Eleventh Amendment,[9] to suit in a federal district court by employees of its nonprofit institutions. Employees of the Department of Public Health & Welfare, State of Missouri, et al. v. Department of Public Health & Welfare, State of Missouri, et al., 411 U.S. 279, 93 S.Ct. 1614, 36 L.Ed.2d 251 (April 18, 1973).[10]

---

5. Docket Items 1 and 5.

6. Docket Item 5, par. 1 and Docket Item 1, par. 2.

7. Docket Item 5, pars. 12 and 13.

8. The plaintiffs seek a monetary recovery against the defendant public officials with the intent of obtaining a judgment which will establish liability on the State and will be payable from the public funds of the State treasury. Docket Item 5, prayer 4; Docket Item 28.

9. The Eleventh Amendment, effective in 1794, reads: "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." Although the Amendment by its terms refers only to suits against a State by citizens of other States, it has consistently been construed as barring suits against a State by its own citizens. Parden v. Terminal Ry., 377 U.S. 184, 84 S.Ct. 1207, 12 L.Ed.2d 233 (1964); Duhne v. New Jersey, 251 U.S. 311, 40 S.Ct. 154, 64 L.Ed. 280 (1920); Hans v. Louisiana, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890).

10. The defendants named in the *Missouri* case were the Department of Public Health & Welfare, State of Missouri, two divisions of the Department and *various officials* having supervision of the state hospitals and training schools involved.

Although the present complaint names the three aforementioned public officers as defendants, the suit is actually one against the State, although not formally named as a party, because the purpose of the suit is to obtain a judgment which will establish the State's liability and will by payable from public funds of the State treasury. Ford Motor Co. v. Department of Treasury of State of Indiana, 323 U.S. 459, 463–464, 65 S.Ct. 347, 89 L.Ed. 389 (1945); Ex parte Young, 209 U.S. 123, 151, 28 S.Ct. 441, 52 L.Ed. 714 (1908); Governor of Georgia v. Madrazo, 26 U.S. (1 Pet.) 110, 123–124, 7 L.Ed. 73 (1828). Accordingly, this Court lacks jurisdiction by virtue of the Eleventh Amendment to entertain this suit brought against the State by its employees under the Fair Labor Standards Act.

■■ The same is likewise true with respect to the plaintiffs' efforts to recover damages based on the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its jurisdictional counterparts, 28 U.S.C. § 1343(3) and (4). In effect the plaintiffs' present suit, based on the Civil Rights Act, is one against the State of Delaware. The State, however, is not a "person" subject to suit within the meaning of § 1983. Monroe v. Pape, 365 U.S. 167, 187–192, 81 S.Ct. 473, 5 L.Ed. 2d 492 (1961); Moor v. County of Alameda, 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (May 14, 1973); United States ex rel. Gittlemacker v. Philadelphia, 413 F.2d 84, 86 (C.A.3, 1969), cert. den. 396 U.S. 1046, 90 S.Ct. 696, 24 L. Ed.2d 691 (1970); Fear v. Commonwealth, 413 F.2d 88, 89 (C.A.3, 1969), cert. den. 396 U.S. 935, 90 S.Ct. 278, 24 L.Ed.2d 234 (1969); United States ex rel. Foreman v. State of New Jersey, 449 F.2d 1298 (C.A.3, 1971); Meyer v. State of New Jersey, 460 F.2d 1252 (C.A.3, 1972). The same result obtains when plaintiffs, as in this case, do not formally join the State as a defendant but join its public officers in their official capacities as the State's alter ego for the sole purpose of obtaining a monetary judgment which will establish the State's liability and be payable out of the public funds of the State. Francis v. Davidson, 340 F.Supp. 351, 370–371 (D.Md.1972) (Three-Judge Court), aff'd 409 U.S. 904, 93 S.Ct. 223, 34 L.Ed.2d 168 (1972); Bennett v. Gravelle, 323 F.Supp. 203, 210–211 (D.Md.1971), aff'd 451 F.2d 1011 (C.A.4, 1971), cert. dismissed 407 U.S. 917, 92 S.Ct. 2451, 32 L.Ed.2d 692 (1972); Westberry v. Fisher, 309 F. Supp. 12, 18–19 (D.Me.1970). Under these circumstances, this Court is without jurisdiction to assess damages under § 1983 against the defendants in their official capacities which are intended to be satisfied out of the State treasury, and the action will be dismissed.