Aldine ROCHESTER, Individually and on behalf of her minor child; Rose Gibson, Individually and on behalf of her seven minor children; Individually and on behalf of all others similarly situated, Plaintiffs,

v.

Herbert M. BAGANZ, Secretary of Health and Social Services, Individually and in his official capacity; and Jack B. White, Director of Social Services, Individually and in his official capacity, Defendants, Third Party Plaintiffs,

v.

Elliot L. RICHARDSON, United States Secretary of Health, Education and Welfare and John D. Twiname, Administrator, Social and Rehabilitation Service, United States Department of Health, Education and Welfare, Third Party Defendants.

Civ. A. No. 4265.

United States District Court,
D. Delaware.

Oct. 1, 1973.

John H. McDonald, Asst. U. S. Atty. and Ralph F. Keil, U. S. Atty., Wilmington, Del., and Susan Engelman, Dept. of Justice, Washington, D. C., for third party defendants.

Peter M. Siegel, Community Legal Aid Society, Inc., Wilmington, Del., for plaintiffs.

Kent Walker, State Sol., Wilmington, Del., for defendants, third party plaintiffs.

## OPINION

STEEL, Judge:

The nature of this action is described in this Court's Opinion of January 14, 1972:

"Plaintiffs are eligible for public assistance under the Aid to Families with Dependent Children Program (AFDC). This program was estab-lished by the Social Security Act of 1935, 42 U.S.C. § 601, et seq. and has been adopted in Delaware. 31 Del.C. § 321 et seq. The defendants [initially were] Albert L. Ingram, Jr., Secretary of the Delaware Department of Health and Social Services, 31 Del.C. § 109, who [had] management and supervisory responsibilities of that Department, and John Hiland, the Director of the Division of Social Services in Delaware. [They were each sued in their official and individual capacities.[1]] On October 27, 1971, as a re-

---

1. By an order of the Court of Appeals on August 25, 1972, Herbert M. Baganz was substituted for Albert L. Ingram, Jr. and Jack B. White for John Hiland. See Rochester v. Baganz, 479 F.2d 603, 604 n. 1. (3rd Cir. 1973). The order was entered pursuant to F.R.Civ.P. 25(d)(1) which provides that "[w]hen a public officer is a party to an action in his official capacity and during its pendency . . . resigns, or otherwise ceases to hold office, the action does not abate and his successor is automatically substituted as

sult of conferences among defendants and Governor Peterson, it was determined that public assistance payments under AFDC to plaintiffs and other members of the class on whose behalf the action has been brought [footnote omitted] should be reduced by 11.7 per cent, effective November 1, 1971, below the amounts theretofore paid to them under the same conditions of eligibility."

This course of action was adopted because the state authorities concluded for the first time that a continuation of the assistance payments at the rates originally determined would exhaust the funds then available for the purpose several months prior to the expiration of the fiscal year for which they had been appropriated.

The plaintiffs' suit purported to confer federal jurisdiction under 28 U.S.C. § 1343, to redress alleged civil rights violations under 42 U.S.C. § 1983.[2] The suit originally attacked the legality of the reduction in benefits as having been taken without providing plaintiffs with prior notice as allegedly required by federal regulations, the State Public Assistance Manual and the Due Process clause of the Fourteenth Amendment of the United States Constitution.

Plaintiffs' application for a preliminary injunction and a direction by the Court that defendants issue supplemental checks for the 11.7 per cent reduction was denied for the reasons stated in the Opinion of January 14, 1972. Subsequently, largely for the same reasons, the action was dismissed pursuant to an Opinion dated April 18, 1972.

The earlier decisions of this Court dealt, *inter alia*, with 45 C.F.R. § 205.-10(a)(5), promulgated under the Social Security Act, § 401, 42 U.S.C. § 601. This required that state or local agencies give timely and adequate notice to welfare recipients when they proposed to take action to terminate, suspend or reduce assistance under the Aid to Families with Dependent Children Program (AFDC) and the parallel provisions of the Delaware Public Assistance Manual. This Court concluded, however, that § 205.10(a)(5) did not apply to an across-the-board percentage reduction by a state agency when taken to keep expenditures under the program within the limits of the available state funds appropriated for the purpose. The Court of Appeals reversed this decision in Rochester v. Baganz, 479 F.2d 603 (3rd Cir. 1973) and held that the District Court had erred in construing the notice provision in 45 C.F.R. § 205.10 to be inapplicable to across-the-board reductions. It directed that further proceedings be taken by this Court to determine the appropriate relief plaintiffs should receive, a subject to which the Court of Appeals declined to address itself.

Following remand the defendants filed a motion for partial summary judgment upon the ground that the Court lacked jurisdiction to grant plaintiffs' claim for retrospective monetary relief against the State of Delaware and upon the further ground that the Eleventh Amendment entitled the defendants to such judgment as a matter of law.

*Motion of Third Party Plaintiffs (Defendants) to Vacate Order Dismissing the Third Party Complaint*

Prior to the appeal, the third party plaintiffs (defendants) filed a third party complaint against Elliott L. Richardson, the United States Secretary of Health, Education and Welfare, et al., and argued that if the action by plaintiffs against the third party plaintiffs (defendants) should be successful, this would be the direct consequence of the

---

a party." The rule does not apply, however, where the action against the officer is essentially personal. 3B Moore, Fed.Prac. ¶ 25.09 [3].

**2.** See ¶ 4 of the Complaint and unnumbered p. 3 of the plaintiffs' brief in opposition to de-

fendants' motion for partial summary judgment, etc., (Doc. No. 73). The latter states: "Jurisdiction in this action is founded upon the Civil Rights Act, 42 U.S.C. § 1983. . . ."

latter's failure to give notice as required by 45 C.F.R. § 205.10(a)(5). From this premise the third party plaintiffs argued that the liability of the third party defendants to the third party plaintiffs should be recognized by the entry of a judgment by this Court declaring that § 205.10(a)(5), the notice regulation, was unauthorized, unenforceable, and in violation of the Social Security Act. By order dated May 15, 1972, this Court granted the motion of the third party defendants to dismiss the third party complaint because the premise on which it was based, namely the possible success by the plaintiffs in the action against the third party plaintiffs (defendants) did not eventuate. No appeal was taken from this order.

Now, the Court of Appeals having reversed the decision of this Court which dismissed the main action, the third party plaintiffs (defendants) have moved under F.R.Civ.P. 60(b) [3] to vacate the order of May 15, 1972, dismissing the third party complaint so that this Court may hear the third party complaint on its merits.

■ The difficulty with the position of the third party plaintiffs is that the Court of Appeals in this very case has held that 45 C.F.R. § 205.10(a)(5) was within the broad rule making authority granted to the Secretary under the Social Security Act and rejected the argument of the third party plaintiffs to the contrary. See 479 F.2d at 606–607. For this reason, this Court in its discretion has decided to deny the Rule 60(b) motion.

### Relief to be Granted in the Main Action

At a conference of the parties held subsequent to remand, plaintiffs sought (1) a monetary judgment against the State of Delaware in favor of the class whose November payments had been improperly reduced by 11.7 per cent, the amount of the reduction being estimated to be approximately $40,000, and (2) a declaratory judgment that the advance notice of the proposed reduction was not adequate in that it failed to meet either the timeliness or the form requirements of the regulations. Claims for any other relief were waived.

The jurisdiction of this Court, as alleged in the complaint, purports to rest solely upon the civil rights provisions of the statute, 28 U.S.C. § 1343 and 42 U.S.C. § 1983. (Complaint ¶ 4). The theory that the action is supportable under pendent jurisdiction was advanced for the first time in plaintiffs' brief in support of their motion for a preliminary injunction, and at page 2 of its Opinion of January 14, 1972, this Court asserted, erroneously it now appears, that jurisdiction existed both under the Civil Rights Act and as a matter of pendency. Whether or not in fact pendent jurisdiction existed was discussed neither by this Court nor by the Court of Appeals.

Proper analysis of the jurisdictional question requires that the case be considered (1) insofar as it is directed against the defendants in their official capacities, and (2) against the defendants in their individual capacities.

### The Action Against Defendants In Their Official Capacities

■ As officials of the State of Delaware the defendant Ingram was Secretary of Health and Social Services and the defendant Hiland was Director of Social Services. Inasmuch as plaintiffs seek a money award under § 1983 from these defendants in their official capacities as officers of the state, the suit is

---

3. F.R.Civ.P. 60(b)(5) provides in pertinent part:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:

\*　　\*　　\*　　\*　　\*

(5) the judgment has been satisfied, released, or discharged, or a *prior judgment upon which it is based has been reversed or otherwise vacated.* . . . " (emphasis supplied).

in actuality one against the state even though the state is not named as a defendant. Hahn v. Ingram, 362 F.Supp. 982 (D.Del.1973); O'Brien v. Galloway, 362 F.Supp. 901 (D.Del.1973); Francis v. Davidson, 340 F.Supp. 351, 370 (D. Md.)(Three-Judge Court), aff'd 409 U. S. 904, 93 S.Ct. 223, 34 L.Ed.2d 168 (1972); Bennett v. Gravelle, 323 F. Supp. 203, 211 (D.Md.), aff'd 451 F.2d 1011 (4th Cir. 1971), cert. dismissed 407 U.S. 917, 92 S.Ct. 2451, 32 L.Ed.2d 692 (1972); Westberry v. Fisher, 309 F.Supp. 12, 18 (D.Me.1970). The *Francis* and *Westberry* cases, like the instant one, involved, *inter alia,* claims for retroactive payments from the state treasury which allegedly had been wrongfully withheld under the AFDC program by officials of the state. On their face they are squarely applicable to the instant case and require this suit to be regarded as one to recover monies from the treasury of the State of Delaware regardless of whether the funds which plaintiffs seek are designated damages, reimbursements, or contractual payments. In either case the effect on the treasury is the same.

Numerous Third Circuit cases have held that a state is not a "person" who can be sued under the Civil Rights Act. E. g., Meyer v. New Jersey, 460 F.2d 1252 (3rd Cir. 1972); United States ex rel. Foreman v. New Jersey, 449 F.2d 1298 (3rd Cir. 1971); United States ex rel. Gittlemacker v. County of Philadelphia, 413 F.2d 84, 86 (3rd Cir. 1969), cert. denied, 396 U.S. 1046, 90 S.Ct. 696, 24 L.Ed.2d 691 (1970); Fear v. Commonwealth of Pennsylvania, 413 F.2d 88, 89 (3rd Cir.), cert. denied, 396 U.S. 935, 90 S.Ct. 278, 24 L.Ed.2d 234 (1969).

■■ True, the decisions last cited do not talk in terms of lack of "jurisdiction" of the Court. However, this is clearly the rationale of Monroe v. Pape, 365 U.S. 167, 187, 81 S.Ct. 473, 5 L.Ed. 2d 492 (1961), which held that a municipality could not be sued under the Civil Rights Act because it was not a "person" within the meaning of the Act. In Westberry v. Fisher, *supra,* at 18, 309 F.Supp., it was held that a suit against officials of a state, under circumstances comparable to those at bar, must fail for want of jurisdiction. Likewise supporting the jurisdictional deficiency of an action brought against a state under the Civil Rights Act are Loux v. Rhay, 375 F.2d 55, 58 (9th Cir. 1967); Hahn v. Ingram, *supra,* O'Brien v. Galloway, *supra; Christman* v. Commonwealth of Pennsylvania, 272 F.Supp. 805, 806 (W. D.Pa.1967), cert. denied, 393 U.S. 885, 89 S.Ct. 195, 21 L.Ed.2d 161 (1968). While the relief denied against the state in many cases under the Civil Rights Act is monetary in character, a denial of the declaratory relief which plaintiffs seek is also required here because jurisdiction otherwise under the Civil Rights Act is absent. The Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., is remedial and not jurisdictional. Skelly Oil Co. v. Phillips Co., 339 U.S. 667, 671–672, 70 S.Ct. 876, 94 L.Ed. 1194 (1950); Getty Oil Company (Eastern Operations) v. Ruckelshaus, 467 F.2d 349, 356 (3rd Cir. 1972), cert. denied, 409 U.S. 1125, 93 S.Ct. 937, 35 L.Ed.2d 256 (1973); Mattingly v. Elias, 325 F.Supp. 1374, 1375 n. 3 (E.D.Pa.1971).

The teaching of the foregoing authorities requires the conclusion that the action, considered as it must be as one against the State of Delaware, is without jurisdictional support under the Civil Rights Act. Although this jurisdictional point was not raised by any party, it is one which the Court must give effect to on its own volition. City of Kenosha v. Bruno, 412 U.S. 507, 511, 93 S. Ct. 2222, 37 L.Ed.2d 109 (1973); Smith v. Spina, 477 F.2d 1140, 1145 (3rd Cir. 1973).

■ The question then arises whether the action against the defendants in their official capacities can proceed on the basis of pendent jurisdiction. As enunciated in Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), a Court must first determine whether it has the *power* to exer-

cise pendent jurisdiction before deciding whether as a matter of discretion it shall hear pendent claims. With respect to power, the Supreme Court in *Gibbs*, stated at 725, 86 S.Ct. at 1138:

"Pendent jurisdiction, in the sense of judicial *power*, exists whenever there is a claim 'arising under [the] Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority . . . ,' U.S. Const., Art. III, § 2, and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.' [footnote omitted] The federal claim must have substance sufficient to confer subject matter jurisdiction on the court. Levering & Garrigues Co. v. Morrin, 289 U.S. 103 [53 S.Ct. 549, 77 L.Ed. 515]."

■ The existence of the substantiality of a federal question must be determined from the allegations of the complaint. Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1933). The *Poresky* Court said at 32, 54 S.Ct. at 4:

"The question may be plainly unsubstantial, either because it is 'obviously without merit' or because 'its unsoundness so clearly results from the previous decision of this court as to foreclosure the subject and leave no room for the inference that the question sought to be raised can be the subject of controversy'. Levering & Garrigues Co. v. Morrin, *supra*; Hannis Distilling Co. v. Baltimore, 216 U.S. 285, 288 [30 S.Ct. 326, 54 L.Ed. 482]; McGilvra v. Ross, 215 U.S. 70, 80 [30 S.Ct. 27, 54 L.Ed. 95]."

■ Under this test plaintiffs' claim of jurisdiction under the Civil Rights Act was plainly unsubstantial, for under the rationale of the earlier case of Monroe v. Pape, *supra*, a municipality, and by a parity of reasoning, a state, was held not to be a "person" subject to suit under § 1983. So that when the instant case was begun any idea that the State of Delaware could be sued under § 1983 for monetary relief was foreclosed by the earlier Supreme Court decision. The civil rights jurisdiction alleged in the complaint is unsubstantial and spurious. Under these circumstances this Court is without the power to tack, through the pendent jurisdiction theory, a state law claim to the abortive Civil Rights Act claim.

■ Assuming, however, that power to exercise pendent jurisdiction does exist, this Court as a matter of discretion should withhold its hand in exercising that power. Cf. Moor v. County of Alameda, 411 U.S. 693, 715–717, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973). Although in its summary judgment aspects this case has already advanced to the point of resolving a legal issue, beyond its initial stage no answer has as yet been filed, and no evidence has been taken with respect to the monetary relief sought, nor has the Court given any consideration to the subject. From this point of view the case has just begun. The state courts, familiar as they are with state finances and pertinent state law, are no less qualified, and indeed are probably better qualified, to deal with the relief problem than is this Court.[4] To require plaintiffs to seek their relief in the state courts, accepting as they must the decision of the Court of Appeals as to the notice plaintiffs were entitled to, is not to ignore the principle that the abstention doctrine is not germane to civil rights cases; for, as was previously said, this is not an action conferring jurisdiction under the Civil Rights Act, but is a suit involving rights under state law.

A relegation of the plaintiffs to the state courts for relief should not result

---

4. Obviously one question will be whether under Delaware law the state is generally immune from suit and if it is, whether this immunity has been waived by duly authorized state procedures or personnel. This is without reference to the law which would govern an Eleventh Amendment question.

in substantial or prejudicial delay considering the posture of the instant case.[5]

By commencing action in the state court with reasonable diligence plaintiffs will not be confronted with any statutory bar. See Delaware Journey's Account statute, 10 Del.C. § 8117(a); Wilt v. Smack, 147 F.Supp. 700 (E.D. Pa.1957); Howmet Corporation v. City of Wilmington, 285 A.2d 423 (Del.Super.1971).

The action against defendants in their official capacities will be dismissed without prejudice.

The disposition which has been made of the action by this Court eliminates the need for the Court to consider the much debated questions whether the Eleventh Amendment of the Constitution of the United States is a bar to the action or whether that defense has been waived.

### The Action Against Defendants In Their Individual Capacities

The original complaint, filed November 4, 1971, was amended on November 22, 1971. The amendment did no more than change the caption of the original complaint to include a claim against Ingram and Hiland in their individual as well as their official capacities. The body of the original complaint was not altered by the amendment in any way, nor did the amendment indicate that it reincorporated or realleged the allegations of the original complaint.

█ Title 42 U.S.C. § 1983, among other things, authorizes an action against a public official in his individual capacity if he has abused his position and a deprivation of constitutional rights, privileges and immunities has resulted. Monroe v. Pape, *supra.* In these circumstances a plaintiff to prevail must establish that the individual defendant acted in bad faith or abused his position. Hayes v. Cape Henlopen School District, 341 F.Supp. 823, 829 (D.Del.1972). State officers exercising discretion have a limited immunity for acts done by them in good faith within the scope of their official duties. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). Such a qualified immunity, however, does not extend to actions taken in bad faith. Bennett v. Gravelle, *supra,* 323 F.Supp. at 213–214.

█ Neither in the original complaint nor in the amendment to it is there any allegation that either of the original defendants acted in bad faith or abused his position in the part which he played in reducing by 11.7 per cent the November 1971 and subsequent allotments to the beneficiaries of the AFDC program. Accordingly, no cause of action was stated against the original defendants in their individual, non-official capacities.

Furthermore, the original defendants, Ingram and Hiland, officially and individually, were dropped from the case as defendants by the order of August 25, 1972, which the Court of Appeals noted in its opinion. In lieu of these initial defendants, Baganz and White were substituted both in their official and individual capacities. Whatever acts of wrongdoing Ingram and Hiland may have been guilty of in their individual capacities (none were alleged), any cause of action against them abated when they were dropped from the case. Since Baganz and White were substituted as defendants long after the action reducing the allotments had been taken, no conceivable cause of action would lie against them in their individual capacities.[6] Accordingly, the action will

---

5. The plaintiffs rely upon Jordan v. Weaver, 472 F.2d 985 (7th Cir. 1973), cert. granted sub nom. Edelman v. Jordan, 412 U.S. 937, 93 S.Ct. 2776, 37 L.Ed.2d 398 (1973), which is pending before the Supreme Court of the United States and according to the Clerk will probably be argued during the two week session commencing on December 3, 1973. It is noteworthy, however, that *Edelman,* as indicated by 41 U.S.L.W. 3602, will not deal with the issues upon the bases of which this present opinion is rendered.

6. See footnote 1, *supra,* pp. 180–181.

be dismissed with prejudice as to all defendants in their individual capacities.

Although defendants have filed a motion for partial summary judgment, the Court has treated it as a motion for complete summary judgment in defendants' favor. For the reasons stated in this Opinion the action will be dismissed without prejudice against the defendants in their official capacities, and with prejudice against defendants in their individual capacities.