Aldine **ROCHESTER,** Individually and on behalf of her minor child, Rose Gibson, Individually and on behalf of her seven minor children; Individually and on behalf of all others similarly situated, Appellants,

v.

Jack D. **WHITE,** Secretary of Health and Social Services, Individually and in his official capacity, and Miklos T. Lazar, Director of Social Services, Individually and in his official capacity, Defendants, Third-Party Plaintiffs,

v.

Caspar W. **WEINBERGER,** United States Secretary of Health, Education and Welfare and Francis D. DeGeorge, Administrator, Social and Rehabilitation Service, United States Department of Health, Education and Welfare, Third-Party Defendants.

**No. 73–2104.**

United States Court of Appeals, Third Circuit.

Argued June 28, 1974.

Decided Sept. 5, 1974.

Peter M. Siegel, Community Legal Aid Society; Wilmington, Del., for appellants.

Kent Walker, State Sol., Dept. of Justice, Wilmington, Del., for appellees.

Before ADAMS, HUNTER and GARTH, Circuit Judges.

## OPINION OF THE COURT

JAMES HUNTER, III, Circuit Judge:

This case raises jurisdictional issues under 28 U.S.C. § 1343(3) (1970) [1] and 42 U.S.C. § 1983 (1970) [2] and the Eleventh Amendment. The district court granted defendant-appellee's motion for summary judgment holding that a state official was not a "person" under Section 1983 and, that as such, there was no jurisdiction in the court to grant either declaratory or monetary relief. The judgment with respect to the absence of declaratory judgment jurisdiction must be reversed.

### I.

There is no dispute as to the facts in this case. Plaintiff-appellants challenge the propriety of defendant-administrator's 1971 reduction in Social Security benefits under Delaware's Aid to Families with Dependent Children (AFDC) public assistance program.[3] In this class action, plaintiffs alleged that failure to give proper notice of the reduction in benefits violated the due process clause of the Fourteenth Amendment and federal regulations. The notice issue was fully litigated both in the district court of Delaware and in this court [4] at which time the absence of jurisdiction was never raised. Speaking to the merits of the case in May of 1973, Judge Gibbons for this court found non-compliance with federal notice requirements and remanded the case to the district court for a determination of proper remedies. On remand, plaintiffs requested prospective declaratory and injunctive [5] relief and retroactive monetary damages. Alleging that the Eleventh Amendment barred any retroactive monetary relief, the defendant moved for partial summary judgment. The district judge *sua sponte* granted a complete summary judgment for the defendant upon finding that the court was without jurisdiction to grant either monetary or declaratory relief, 365 F. Supp. 179, 183. The court avoided difficult Eleventh Amendment issues raised in defendant's motion, 365 F.Supp. 179, 185. Reliance was instead placed on the notion that the defendant, as a representative of the state, was not a "person" under Section 1983. The court rightly cited Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961) for the proposition that a city or a state is not a person subject to suit under Section 1983. As a corollary of this rule, the trial judge concluded that when a state official represents the state, he stands in the shoes of the state, and that

---

1. The district court shall have original jurisdiction of any civil action authorized by law to be commenced by any proper person:

 (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

2. Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

3. Under Title IV of the Social Security Act of 1935, 42 U.S.C. §§ 601–644 (1970) as amended, the Aid to Families with Dependent Children Program was adopted by Delaware. 31 Del.C. §§ 321–331.

4. The district court initially granted defendant's motion of summary judgment in 337 F.Supp. 350 (D.Delaware, 1972). Judge Gibbons' reversal for failure to comply with proper notice requirements is found in 479 F.2d 603 (3rd Cir., 1973). On remand the Delaware district court issued a summary judgment which is the subject of the present appeal. 365 F.Supp. 179 (D.Del., 1973).

5. Plaintiff no longer seeks injunctive relief.

like the state he is not a person under Section 1983. This conclusion is erroneous.

## II.

When a state is named as a defendant under Section 1983, there are two impediments to suit. First, a state is not a person as required under Section 1983,[6] and second, the Eleventh Amendment bars suit against a state.[7] As written, the Eleventh Amendment prohibits suits in federal courts by citizens of one state against another state; the amendment, however, was early interpreted as a bar to suits in federal court by a citizen against his own state, Hans v. Louisiana, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890). If the State of Delaware had been named as a party to the instant action, the reasoning of the trial judge, that jurisdiction to redress a violation under Section 1983 was absent, would have been correct. Different results must obtain, however, when a state official, rather than the state itself, has been named as a party-defendant.

## PROSPECTIVE RELIEF

■ The district judge's ruling that he is without jurisdiction to grant prospective relief must be reversed since the public officials named as defendants are "persons" within Section 1983.

In conjunction with Section 1343(3), Section 1983 has served as the basis for many suits against public officials acting in their official capacities.

In Rosado v. Wyman, 397 U.S. 397, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970), Justice Harlan makes clear that when a complaint alleges the unconstitutionality of a state statute "the District Court sitting as a one-man tribunal . . . . [is] properly seised of jurisdiction over the case under §§ 1343(3) and (4) of Title 28. . . ." 397 U.S. 397, 403, 90 S.Ct. 1207, 1213 to redress grievances under 42 U.S.C. 1983.[8] The defendant in *Rosado* was a New York State official who administered the same federally supported A.F.D.C. program as that in the present case. Although the opinion discusses jurisdiction in great detail, 397 U.S. 397, 402–407, 90 S.Ct. 1207, there is not the slightest implication that defendant's status as a representative of the state is relevant under Sections 1343(3) and 1983. This use of Section 1983 as the means of suing state officials has gone unchallenged in both the Supreme Court and in this circuit court. King v. Smith, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968), Serritella v. Engelman, 462 F.2d 601 (3rd Cir., 1972), aff'g 339 F.Supp. 738 (D. New Jersey, 1972).

If the trial judge's interpretation of Section 1983 were correct, very few cases could ever have been successful under the statute. Section 1983 specifically requires that the "person" to be sued has acted under color of state law. When a person acts under color of state law he most often represents the state. Under the trial judge's view, the state's status as a non-"person" could be asserted by the state representative who is sued under Section 1983. 365 F.Supp. 179, 183. As the logical consequence of the trial judge's view, Section 1983

---

6. Meyer v. New Jersey, 460 F.2d 1252, 1253, (3rd Cir., 1972) ; United States ex rel. Gittlemacker v. County of Philadelphia, 413 F. 2d 84, 86 (3rd Cir. 1969) cert. denied 396 U.S. 1046, 90 S.Ct. 696, 24 L.Ed.2d 691 (1970) ; Fear v. Commonwealth of Pa., 413 F.2d 88, 89 (3rd Cir., 1969), cert. denied 396 U.S. 935, 90 S.Ct. 278, 24 L.Ed.2d 234 (1969).

7. The Eleventh Amendment of the United States Constitution provides :

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

8. Although Justice Harlan's remark mentions only Section 1343(3), the action was brought under both 28 U.S.C. 1343(3) and 42 U.S.C. 1983. Rosado v. Wyman, 304 F.Supp. 1356, 1361 (E.D.N.Y.1969).

would be used *only* where the state official had acted beyond the scope of his authority.[9] At other times, a state official would represent the state whose status he could assert. Section 1983 clearly is not restricted to redressing abusive conduct beyond the scope of the authority of the person acting under color of state law.[10] The district court's jurisdictional analysis under Section 1983 is, in our view, incorrect.

■■ In addition, there is no Eleventh Amendment bar to granting prospective relief in the instant case. Following the reasoning of Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), the Eleventh Amendment does not bar a suit against a state official acting under a state statute allegedly violative of the U.S. Constitution. The Eleventh Amendment does not prevent a "federal court from directing a state official to bring his conduct into conformity with federal law." Rothstein v. Wyman, 467 F.2d 226, 236 (2nd Cir. 1972). This principle was most recently reaffirmed by the Supreme Court in Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). In *Edelman,* the Court does not question the view that Ex parte Young authorizes prospective relief. The court states:

> *Ex parte Young* was a watershed case in which this Court held that the Eleventh Amendment did not bar an action in the federal courts seeking to enjoin the Attorney General of Minnesota from enforcing a statute claimed to violate the Fourteenth Amendment of the United States Constitution. This holding has permitted the Civil War Amendments to the Constitution to serve as a sword, rather than merely as a shield, for those whom they were designed to protect. *But the relief awarded in Ex parte Young was prospective only*; [emphasis added] 415 U.S. 651, 663, 94 S.Ct. 1347, 1356.

■ In light of these cases, the trial court's denial of jurisdiction to grant prospective relief must be reversed.[11]

---

9. The kind of Section 1983 relief resulting in individual liability for abuse of official authority was analyzed by the Supreme Court in Monroe v. Pape, 365 U.S. 167, 171–187, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961) and in Pierson v. Ray, 386 U.S. 547, 554, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967).

In the instant case the court ruled that defendants were not guilty of bad faith and therefore were not chargeable with any individual responsibility. Plaintiff-appellant has not challenged this holding.

10. The district court relied heavily on Westberry v. Fisher, 309 F.Supp. 12 (D.Maine, 1970) and Francis v. Davidson, 340 F.Supp. 351 (D.Md.1972) (Three Judge Court) aff'd 409 U.S. 904, 93 S.Ct. 223, 34 L.Ed.2d 168 (1972). Its reliance, however, was based on a misconception of these opinions. Judge Gignoux in the *Westberry* opinion indicated that if *monetary relief* is sought in a suit against a state official as the named defendant, the judgment must be enforced against the state treasury, unless there is proof that the individual official acted in bad faith. Although a challenge purports to be against the "person" of the state official, it is really an action against the state which must pay any money awards. The state is not a person and the suit is therefore barred. The district court in the instant case misconstrued this *Westberry* theory by applying it with respect to *prospective declaratory relief.* Judge Gignoux was careful to conclude in *Westberry* that the Eleventh Amendment was also a major bar to a monetary recovery against a state official. Nowhere does the *Westberry* opinion apply the same rule with respect to prospective relief. The court in Francis v. Davidson reiterated the *Westberry* rationale.

11. Defendant appellee's brief raises additional arguments for the denial of prospective relief. They also lack merit. First, appellee rightly indicates that denial of declaratory relief is a discretionary act which should be overruled only upon a finding of abuse of discretion. This contention is inappropriate in the instant case since the trial judge did not deny declaratory relief as a matter of discretion but because he felt compelled to do so under his reading of Section 1983.

Additionally, appellee asserts that there is no case or controversy, a fallacious argument in light of the fact that members of plaintiff's class are still welfare recipients and subject to defendant's future interpretation of notice requirements.

Defendant-appellee finally asserts that since Judge Gibbons' earlier opinion was fully dispositive of the merits of this case, the issue of notice has been resolved. As such, appel-

## RETROACTIVE MONETARY RELIEF

 The trial judge was correct in granting summary judgment for defendant on plaintiff's petition for retroactive monetary relief.[12] In light of Edelman v. Jordan, decided subsequent to the district court's opinion, the Eleventh Amendment bars an award of retroactive monetary relief against a state official [12a] unless the state has waived its Eleventh Amendment objection by consenting to suit. Since consent, according to Edelman, will not be inferred from state participation in a federal program,[13] the Eleventh Amendment bars monetary relief.[14]

## III.

The judgment of the district court will be reversed and the cause remanded for further proceedings consistent with this opinion.

lee claims there is no reason on the merits to deal with the problem of jurisdiction. This argument is specious. If it had been rendered, without proper jurisdiction, Judge Gibbons' opinion would have been a nullity.

12. Appellant's brief alleges in support of a request for monetary relief the fact t at some prospective orders may cost the state more money than do retroactive claims. In light of Justice Rehnquist's majority opinion in Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974) this view is meritless. The Court states:

As in most areas of the law, the difference between the type of relief barred by the Eleventh Amendment and that permitted under *Ex parte Young* will not in many instances be that between day and night. The injunction issued in *Ex parte Young* was not totally without effect on the State's revenues, since the state law which t'e Attorney General was enjoined from enforcing provided substantial monetary penalties against railroads which did not conform to its provisions. Later cases from this Court have authorized equitable relief which has probably had greater impact on state treasuries than did that awarded in *Ex parte Young*. . . . *But the fiscal consequences to state treasuries in these cases were the necessary result of compliance with decrees which by their terms were prospective in nature.* State officials, in order to shape their official conduct to the mandate of the Court's decrees, would more likely have to spend money from the state treasury than if they had been left free to pursue their previous course of conduct. Such an *ancillary* effect on the state treasury is a permissible and often an inevitable consequence of the principle announced in *Ex parte Young, supra.* [Emphasis added.] 415 U.S. 651, 665, 94 S.Ct. 1347, 1357, 39 L.Ed.2d 662.

12a. In Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) the Supreme Court dealt with a related issue. When a state official has been sued for monetary relief under Section 1983, a district court may not dismiss for want of jurisdiction on the basis of the Eleventh Amendment where the complaint can also be read to state a cause of action against the official in his individual capacity.

13. According to the *Edelman* majority, consent will not be inferred.

The question of waiver or consent under the Eleventh Amendment was found in those cases to turn on whether Congress had intended to abrogate the immunity in question, and whether the State by its participation in the program authorized by Congress had in effect consented to the abrogation of that immunity. . . . In deciding whether a State has waived its constitutional protection under the Eleventh Amendment, we will find waiver only where stated "by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." Murray v. Wilson Distilling Co., 213 U.S. 151, 171 [29 S.Ct. 458, 464, 53 L.Ed. 742] (1909) 415 U.S. 651, 671, 94 S.Ct. 1347, 1360, 39 L.Ed.2d 662.

14. The district court's denial of retroactive monetary relief was based on the Westberry v. Fisher, 309 F.Supp. 12 (D.Maine, 1970) theory that the state against whom a money judgment would be enforced is not a person under Section 1983. Unlike the district court in the instant case, *Westberry* then proceeded to ground its Section 1983 reasoning in the Eleventh Amendment (309 F. Supp. 12, 19). The *Westberry* interpretation of the Eleventh Amendment is reaffirmed in *Edelman*. There is no discussion of Section 1983 in *Edelman*.