**Wayne BEAUCHAMP, by his mother and natural guardian, Doris Beauchamp, et al., Plaintiffs,**

v.

**Albert H. JONES, et al., Defendants.**

Civ. A. No. 75–350.

United States District Court, D. Delaware.

April 19, 1976.

Gary W. Aber, of Biggs & Battaglia, Wilmington, Del., for plaintiffs.

Regina M. Small, Deputy Atty. Gen., Wilmington, Del., for defendants State Bd. of Ed., and the individual defendants in their official capacity.

John P. Sinclair of Potter, Anderson & Corroon, Wilmington, Del., for individual defendants in their individual capacity.

Before ADAMS, Circuit Judge and STAPLETON and SCHWARTZ, District Judges.

## OPINION

### PER CURIAM:

The parents and students who are the named plaintiffs in this civil rights action seek to represent a class defined as all those "exceptional" children between the ages of four and twenty-one who are "physically handicapped, maladjusted, mentally handicapped, learning disabled, autistic, mentally retarded, emotionally disturbed, brain damaged or suffering from a multiple combination of any of the aforesaid handicaps." The defendants are eight named individuals and the State Board of Education of the State of Delaware. The complaint alleges that seven of the named individuals "constitute the State Board of Education and are being sued individually and in their capacity as members of the State Board of Education", and that the remaining defendant is the State Superintendent of Public Instruction who is "charged with the responsibility for carrying out the policies and decisions of the State Board".

The plaintiffs claim that the defendants, acting under color of state law, have deprived them of rights secured by the Fourteenth Amendment of the United States Constitution. In general, they maintain that the present statutes and practices in Delaware with respect to state support of education discriminate against "exceptional" children. Plaintiffs seek a declaratory judgment and an injunction (1) preventing defendants from enforcing the Delaware statutes so as to deny the plaintiffs' "free and adequate" education, and (2) ordering defendants to provide free public education to the plaintiffs. Because this requested relief includes an injunction against the enforcement of Delaware statutes having state-wide applicability, a three-judge Court has been convened.

The case is currently before the Court on defendants' motions to dismiss for failure to state a claim and for lack of jurisdiction. Since the filing of these motions, the parties have agreed that the State Board of Education, being a state agency, is entitled to an order dismissing plaintiffs' claim as to it. Accordingly, only the motions of the individual defendants remain to be resolved.

The contention of the individual defendants is that "state officials sued in their official capacity are not 'persons' within the meaning of 42 U.S.C. § 1983"[1] and, accordingly, that this Court has no jurisdiction under 28 U.S.C. § 1343(3), as alleged in the complaint.[2] On the basis of this contention, we are asked to enter an order dismissing "the state defendants in their official capacity". Defendants' brief does not indicate what they believe the practical effect of such an order would be.

Defendants rely upon the holding in *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961) that cities are not "persons" as that term is used in Section 1983, and the holding of *City of Kenosha v. Bruno*, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973) that this is as true in equity suits

---

1. 42 U.S.C. § 1983 provides:

   Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

2. 28 U.S.C. § 1343(3) provides:

   The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

   \* \* \* \* \* \*

   (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

as in legal actions. Apparently defendants believe that individuals sued in their "official capacity" for damages are not "persons" within the meaning of Section 1983 and that *Kenosha,* accordingly, requires a similar holding in a case where they are sued for injunctive relief. We believe that defendants' premise is faulty. To be sure, courts have frequently dismissed damage actions against state or local officials when it appeared that the plaintiffs' claim was in reality aimed at the public treasury rather than at the defendant's pocketbook. But this has not been done because defendants were found not to be "persons" within the meaning of Section 1983. Rather, these cases rest on holdings that the real party in interest was the state or local government and that Section 1983 did not authorize suits against such bodies. See, *e. g., O'Brien v. Galloway,* 362 F.Supp. 901 (D.Del.1973).[3]

■■■ In the words of the Fifth Circuit, "there can be no serious questions but that . . . [the individual defendants] are 'persons'; the word has never been suggested to have some arcane meaning whereby some human beings would be 'persons' and others would not." *Muzquiz v. City of San Antonio,* 520 F.2d 993, 998 (5th Cir. 1975). Since Section 1983 is aimed at deprivations of federally secured rights by persons acting under color of state law, most cases brought under that Section involve a state or local official who has done something in the course of his duties as a public official and/or whose future action as a public official is necessary to remedy an earlier constitutional deprivation under color of state law. It is clear that a person who is alleged to have acted under color of state law to deprive another of a federally secured right may be sued for damages under Section 1983. See, *e. g., Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Wood v. Strickland,* 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975). It is

equally clear that such a person may be sued for injunctive relief even though the relief requested will require him to exercise authority which he has solely by virtue of his official position and even though that relief may entail the future expenditure of public funds. *Sarteschi v. Burlein,* 508 F.2d 110 (3rd Cir. 1975); *Rochester v. White,* 503 F.2d 263 (3rd Cir. 1974). As Judge Latchum explained in *O'Brien v. Galloway, supra* at 905:

. . . Under the doctrine of *Ex parte Young,* 209 U.S. 123, 159, 28 S.Ct. 441, 52 L.Ed. 714 (1908), when an official acts in an unconstitutional manner, his actions are stripped of their official cloak, and he may be ordered to perform his official duties in a manner consonant with the Constitution. Under this legal fiction, the state is presumed not to accede to unlawful actions taken by one of its officials, so that an order directed to the official to affirmatively correct his action is not being directed against the state. It has consistently been held since *Ex parte Young, supra,* that suits may be brought against public officials to enjoin them from invading constitutional rights.

. . .

We conclude that the individual defendants are "persons" under Section 1983, that the complaint states a claim under that Section, and that jurisdiction is sound under Section 1343(3). The relief sought will be denied.

■■■■■

---

**3.** Or, in the case of state agencies, that the suit was barred by sovereign immunity or the Eleventh Amendment. *E. g., Ford Motor Company v. Department of Treasury,* 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945).