Joseph Rogoff, as President of Local 371, American Federation of State, County and Municipal Employees, AFL-CIO, Respondent, *v.* Arvid Anderson, as Director of the Office of Collective Bargaining of the City of New York, et al., Appellants.

First Department, May 5, 1970.

*Irving Genn* of counsel (*Stanley Buchsbaum* with him on the brief; *J. Lee Rankin, Corporation Counsel*), for appellants.

*John Q. Driscoll* of counsel (*Ruth Kessler Toch* with him on the brief; *Louis J. Lefkowitz, Attorney-General*), for intervenor-appellant.

*Joan Stern Kiok* of counsel (*Julius Topol*, attorney), for respondent.

STEVENS, P. J.   In this action to declare unconstitutional paragraph (b) of subdivision 3 of section 207 of the Civil Service Law of the State of New York, and subdivision b of rule 2.17 of the Consolidated Rules of the Office of Collective Bargaining of the City of New York, defendants-appellants (appellants) appeal from an order entered April 22, 1969, which prohibited them " from requiring from plaintiff an affirmation that it does not assert the right to strike against any government, to assist or participate in any such strike, or to impose an obligation to conduct, assist or participate in such a strike."

Section 207 of the Civil Service Law, " Determination of representation status " in pertinent part provides:  "*For purposes of resolving disputes concerning representation status * * * the board * * * shall * * ** 3. certify or recognize an employee organization upon * * * (b) the affirmation by such organization that it does not *assert* the right

to strike against any government, to assist or participate in any such strike, or to impose an obligation to conduct, assist or participate in such a strike.'' (Emphasis supplied.) The rule under attack, pursuant to statutory power, makes the filing of such an affirmation a condition precedent to certification of a public employee organization as exclusive bargaining representative.

Subsequent to the joinder of issue respondent moved, and appellants cross-moved, for summary judgment. By order-judgment entered December 19, 1968, Special Term granted respondent's motion to the extent of declaring the statute and rule unconstitutional '' insofar as they inhibit or prevent the open discussion and advocacy of lawful change ''. Parenthetically, it may be noted that an appeal taken May 20, 1969, from this order-judgment was dismissed by the Appellate Division August 28, 1969, on motion of respondent.

Previously, and on or about March 14, 1969, respondent moved to modify the order-judgment of December 19, 1968, upon the ground that such order-judgment was ambiguous and did not clearly reflect the decision of the court. By order-judgment entered April 22, 1969, the court granted the motion to the extent heretofore set forth. This appeal followed.

Essentially respondent's position is that the requirement for an affirmation that respondent does not assert the right to strike is a violation of respondent's right of free speech under the Federal and State Constitutions.

The Attorney-General, who earlier was permitted to intervene, premises his argument upon a revised affirmation, not signed, and asserts that in the absence of an actual finding of restriction in such affirmation the appeal is without foundation. Actually, except as a matter of information (the revised affirmation being an exhibit attached to an opposing affidavit) such affirmation can be disregarded. What is involved here is the construction of a statute and a determination as to its constitutionality.

The city urges that the requirement is constitutional. The so-called Taylor Law (Civil Service Law, §§ 200–212) of which the provision under attack is a part, was enacted in 1967 (L. 1967, ch. 392) having as its stated purpose the promotion of '' harmonious and cooperative relationships between government and its employees and to protect the public by assuring, at all times, the orderly and uninterrupted operations and functions of government '' (§ 200). The ultimate concern is the protection of the public which both government and its employees serve. In the law certain rights were recognized or accorded employees

and certain obligations assumed by government. Section 210 flatly prohibits public employees or employee organizations from engaging in a strike, or causing, instigating, encouraging or condoning a strike. The constitutionality of this section has been upheld (*City of New York* v. *De Lury*, 23 N Y 2d 175, app. dsmd. for want of a properly presented Federal question 394 U. S. 455).

The stated purpose of section 207 is to resolve disputes concerning representation status. To that end the board or government, as the case may be, is required to ascertain certain information and apply certain standards prior to carrying out its obligation to certify. Included as a condition precedent is the required affirmation. Certain rights accompany or follow upon certification or recognition including membership dues deduction (Civil Service Law, § 208), a burden then assumed by the public employer. The question, boldly stated, is whether the public employer may reasonably require the employee organization to state as true, or to declare or maintain (Black's Law Dictionary, 4th ed.) that it has no right to do that which is declared illegal or prohibited by law, i.e., strike against or assist in a strike against the public employer.

The power to construe a law is generally vested in the courts. Every presumption obtains in favor of the validity of a statute and "where an act is susceptible of two constructions, one of which will make it constitutional and the other unconstitutional, the former will be adopted" (McKinney's Cons. Laws of N. Y., Book 1, Statutes, § 150; *People* v. *Finkelstein*, 9 N Y 2d 342; *Courtesy Sandwich Shop* v. *Port of N. Y. Auth.*, 12 N Y 2d 379, 389). In construing the language we are to consider the general scheme of the statute and reject an interpretation not warranted by its language and which offends ordinary common sense (see *Kauffman & Sons Saddlery Co.* v. *Miller*, 298 N. Y. 38).

Respondent contends that the section in question prohibits even advocacy of change, or a declaration that employees have the right to strike, and additionally is vague. Attention is directed to *National Assn. of Letter Carriers* v. *Blount* (305 F. Supp. 546) where a three-Judge Federal District Court declared challenged statutory provisions and an implementing oath unconstitutional. In that case the attacked portions of the statute provided that an individual may not accept or hold a governmental position if he asserted the right to strike or was a member of an organization so asserting such right. The oath similarly bound the individual. While there are undoubted points of similarity the case is not necessarily controlling. Here the problem is not job acquisition or retention, but certification with its

attendant benefits. The whole scheme of the statute is for the protection of the public, assuring the orderly operation of the functions of government and the development of harmonious relations between public employer and employee. Certainly the condition imposed is reasonable for the benefits conferred, and is reasonably calculated to achieve the ultimate desired end.

We do not so construe the requirement of the statute and the rule under attack as to conclude that they infringe upon the exercise of rights protected by the First Amendment. Nor is that "chilling effect" on free expression so evident as to warrant their rejection as unconstitutional. We find and declare that paragraph (b) of subdivision 3 of section 207 of the Civil Rights Law is constitutional. It follows then that the rule is found not to be constitutionally defective. *Brandenburg* v. *Ohio* (395 U. S. 444) to which attention is directed, held that the statute attacked, by its words and as applied, purported to punish mere advocacy and to forbid, on pain of criminal punishment, assembly with others merely to advocate the described type of action. The statute was held to violate the First and Fourteenth Amendments. While *Noto* v. *United States* (367 U. S. 290) distinguished between the teaching of the moral propriety or necessity for a resort to force and violence and the actual preparing of a group for violent action, it was noted (p. 298) "there must be some substantial direct or circumstantial evidence of a call to violence now or in the future which is both sufficiently strong and sufficiently pervasive to lend color to the otherwise ambiguous theoretical material regarding Communist Party teaching". Those cases may be distinguished. Here certification is involved and the requirement therefor is neither burdensome nor unreasonable.

The amended order-judgment entered April 22, 1969 appealed from should be reversed on the law, without costs to either party, and summary judgment granted in favor of defendants declaring the statute and rule attacked to be constitutional.

EAGER, McGIVERN, McNALLY and TILZER, JJ., concur.

Order and judgment (one paper) entered on April 22, 1969, unanimously reversed on the law, without costs and without disbursements, and summary judgment granted in favor of defendants declaring the statute and rule attacked to be constitutional; and the Clerk is directed to enter judgment accordingly.