**James P. BENNETT et al., Appellants,**

v.

**Louis A. GRAVELLE et al., Appellees.**

No. 71-1311.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 5, 1971.

Decided Nov. 19, 1971.

Richard T. Seymour, Washington, D. C. (Kenneth L. Johnson and Richard B. Sobol, Washington, D. C., on brief), for appellants.

Thompson Powers, Washington, D. C. (Martin D. Schneiderman, Richard A. Behrens, Steptoe & Johnson, John B. Kenkel, Washington, D. C., and Charles M. Byrd, Baltimore, Md., of Washington Suburban Sanitary Comm., on brief), for appellees.

Before BOREMAN, Senior Circuit Judge, RUSSELL, Circuit Judge, and DUPREE, District Judge.

DONALD RUSSELL, Circuit Judge:

This is an action for both individual and class relief under Sections 1981, 1983 and 1988, 42 U.S.C. and the Fourteenth Amendment. From an order of the District Court dismissing their individual claims plaintiffs appeal.

The defendants are the Washington Suburban Sanitary Commission, a governmental body established by the State of Maryland to maintain public water and sewage facilities in Prince Georges and Montgomery Counties. Until March 6, 1970, the individual plaintiffs, who are the appellants, were employees of such Commission, and as such were public employees.

This appeal is concerned only with the individual claims of the appealing plaintiffs. Such individual claims arise out of the discharge of these plaintiffs by the defendants on March 6, 1970. The discharges occurred when the plaintiffs struck or, as the plaintiffs in this Court describe their action, "suspended work". The reason for the strike is in some conflict. The defendants allege it followed the inauguration of a requirement that the plaintiffs and others in like employment "do non-emergency outdoor work during inclement weather". The plaintiffs, on the other hand, contend that their strike was the result of a continuous policy of racial discrimination on the part of the defendants. A large number of employees originally had engaged in the strike and had picketed the defendants' operations but, after demand by the defendants that they return to work or face discharge, all returned to work except these individual plaintiffs. When the plaintiffs failed to return to work, the defendants discharged them. The plaintiffs, in their individual claims, seek a restoration of their jobs and back pay.

In addition to their individual claims, the plaintiffs seek class relief from the alleged racial discriminations of the defendants.

The defendants moved for dismissal as to each and every plaintiff individually as well as to the class they represent. The Court sustained the motion for dismissal as to the individual claims of the plaintiffs arising out of their discharges, but denied it as to the class action. In sustaining the motion for dismissal with reference to the plaintiffs' individual claims, the District Court, in an excellent opinion which analyzed with perspecuity the applicable law, held that the strike of the plaintiffs, who were public employees, was illegal, that their discharge for engaging in such strike was legal and that their demand for restoration of their jobs was without merit.[1] By a subsequent order, the District Court clarified its original order by providing that its order of dismissal as to plaintiffs' individual claims was "without prejudice to the plaintiffs' rights as members or representatives of the class of past Negro employees who might be found in this action entitled to relief against the effects of alleged past discrimination not arising out of or connected with the strike activities of March 5, 1970."

We affirm on the basis of the excellent opinion of the District Court.

The appellants contend that the District Court erred in failing to conclude that the legality of a strike by public employees is determined by the reasons which prompt the strike. A public employee's right to strike is not, however, resolvable in terms of whether there was good cause or no cause for the strike. Any other conclusion would rob the rule against strikes by public employees of its vitality. To sustain such contention would mean that in every strike by public employees, an attempt would be made to clothe the strike with some appealing purpose, such as to correct racial discrimination or to secure a right of collective bargaining. For public employees, those grievances must be redressed through the use of other remedies than a strike. That there are other remedies, even for the grievances asserted by the plaintiffs, is established by the institution of this class action under Section 1983, 42 U.S.C. Nor is the right of the public employee to strike to be judged, as appellants urge, in terms of the essentiality or nonessentiality of the employee's work.[2] Also, the fact that the strike is not successful, that only a small fraction of the employees of

1. Bennett v. Gravelle (D.C.Md.1971) 323 F.Supp. 203.

2. In United Federation of Postal Clerks v. Blount (Three-Judge Court, 1971) D.C., 325 F.Supp. 879, 883, aff. 404 U.S. 802, 92 S.Ct. 80, 30 L.Ed.2d 38 (1971), the Court said:
   " * * * we hold that it makes no difference whether the jobs performed by certain public employees are regarded as 'essential' or 'non-essential' * * *."

the political unit took part, is not of moment. The rights of the strikers to restoration are not to be determined by the success or failure of their strike. Finally, to state that the plaintiffs "suspended work" rather than that they "struck" is mere obfuscatory semantics. To "strike" is to "suspend work". As a matter of fact, the plaintiffs in the District Court conceded that their action of suspending work represented a strike. By so striking, they became subject to discharge and are not entitled to any relief from such discharge.[3]

As the District Court emphasized in its clarifying order, already quoted, the appellants are not prejudiced in the assertion of such non-discharge claims as they may have by the grant of the motion dismissing their discharge claims.

Affirmed.

---

3. See, also, to the same effect, United Federation of Postal Clerks v. Blount, *supra*; Lawson v. Board of Ed. of Vestal Cent. Sch. Dist. No. 1 (1970) 62 Misc.2d 281, 307 N.Y.S.2d 333, aff. 35 A.D.2d 878, 315 N.Y.S.2d 877, appeal dismissed, 404 U.S. 907, 92 S.Ct. 230, 30 L.Ed.2d 180 (October 26, 1971) ; Rogoff v. Anderson (1970) 34 A.D.2d 154, 310 N.Y.S. 2d 174, aff. 28 N.Y.2d 880, 322 N.Y.S. 2d 718, 271 N.E.2d 553, appeal dismissed, 404 U.S. 805, 92 S.Ct. 108, 30 L.Ed.2d 37.