Ervin M. BRUNSON, Plaintiff,

v.

Jerry HYATT et al., Defendants.

Civ. A. No. 75–928.

United States District Court,
D. South Carolina,
Columbia Division.

Jan. 27, 1976.

Jean Hoefer Toal of Belser, Baker, Belser, Barwick & Toal, Columbia, S. C., for plaintiff.

Howard P. King, Sumter, S. C., for Parnell, Mathis, Booth, Nettles, Rembert, Fort, Brogdon and Rivers.

Thomas Kemmerlin, Jr., of Belser, Kemmerlin, Adams & Ravenel, Columbia, S. C., for Travelers Indem. Co.

## ORDER ON DEFENDANTS' MOTION TO DISMISS

HEMPHILL, District Judge.

This matter is before the court upon motion of counsel for the defendants to dismiss the action against all defendants. Travelers Indemnity Company was dismissed as a party defendant by this court's order of September 3, 1975, however, and defendants Hyatt and Sims concede that the complaint does state a cause of action against them. Only the question of dismissal of the remaining defendants need be considered.

In this action brought pursuant to 42 U.S.C. § 1983, plaintiff alleges that defendants, acting under color of State law, violated various rights guaranteed to him under the United States Constitution. Specifically he alleges that he was arrested without probable cause and beaten by two Sumter County Sheriff's deputies, was wrongfully imprisoned in the Sumter County Jail, and, while imprisoned, was denied medical treatment for injuries suffered as a result of the beating.

As indicated previously, defendants Hyatt and Sims concede that the complaint states a cause of action against them and, that being so, it must also state a cause of action against the Sheriff of Sumter County, I. Byrd Parnell, who was their superior at the time of the alleged deprivation of plaintiff's rights. Such was the holding in Scott v. Vandiver, 476 F.2d 238 (4th Cir. 1973), where the court found that the common law and statutes of South Carolina do impose liability on sheriffs for such illegal action of their deputies. Id., citing Rutledge v. Small, 192 S.C. 254, 6 S.E.2d 260 (1939); Teasdale v. Hart, 2 Bay 173 (S.C.1798); and S.C.Code Ann. §§ 53–71, –83 (1962). This action clearly cannot be dismissed at this stage as to Sheriff Parnell.

Defendants Lauren, Booth, Nettles, Rembert, Lee, Brogdon and Rivers are the seven members of the Board of Commissioners of Sumter County, as provided for by S.C.Code Ann. § 14–3401. They contend that they are not responsible for the alleged illegal actions taken against the plaintiff during the course of his incarceration in the Sumter County Jail. (Plaintiff apparently is not,

and has no basis for, contending that the Commissioners are liable for the actions of Deputies Hyatt and Sims.) Under South Carolina law, however, it appears that they are responsible for the actions of the jailers in their county prison facility. In most counties in South Carolina, the sheriff is responsible and potentially liable for the actions of the county jailer, whom he appoints. S.C.Code Ann. § 55–401 (1962), which reads as follows:

> Sheriff to control jail; jailer; receiving prisoners.—The sheriff shall have custody of the jail in his county and, if he appoint a jailer to keep it, the sheriff shall be liable for such jailer and the sheriff or jailer shall receive and safely keep in prison any person delivered or committed to either of them, according to law.

In Sumter County, however, these functions are carried out by the Board of Commissioners, which is the governing body of the county. S.C.Code Ann. § 55–410 (1962) which reads as follows:

> Jailer in Sumter County.—In Sumter County the governing body of the county shall have the custody of the jail of the county and may appoint a jailer to keep it. The sheriff of said county shall be under no duty of keeping safely in prison any person delivered or committed to the jail or prison of the county according to law.

This exception in Sumter County to the general rule regarding custody and operation of county jails places liability for illegal actions such as those alleged in this complaint upon the Commissioners rather than the Sheriff of Sumter County. Thus, the complaint states a cause of action against the Commissioners and cannot be dismissed as to them.

■ Defendant Allen is the assistant jailer in the Sumter County Jail, and the complaint alleges his personal involvement in the allegedly illegal incarceration of the plaintiff and the refusal to provide proper medical treatment for him. He contends that he is entitled to dismissal because his custody of the plaintiff was pursuant to an order of confinement valid on its face. This contention may be true, but it is properly a matter raised by way of defense and established by the evidence at a later stage in the action. At this point, such an assertion cannot justify dismissal of the action against Allen. He also contends that the allegation that he denied the plaintiff proper medical care does not constitute a claim of constitutional deprivation actionable under 42 U.S.C. § 1983. The view of the Court of Appeals for the Fourth Circuit, however, is to the contrary. *E. g., Holmes v. Boslow*, No. 75–1211 (4th Cir. Aug. 19, 1975). At this stage, the action against Allen cannot be dismissed.

■ Defendant Mathis is the Jailer of Sumter County, and the complaint alleges no personal involvement on his part with the plaintiff but charges that he is liable for the actions of his assistant Allen. Unlike the sheriff, who is liable by statute for the acts of his deputies, Mathis can be held liable for his assistant jailer's actions only under the doctrine of respondeat superior. In *Scott v. Vandiver*, for example, the court specifically declined to analyze the application of the doctrine of respondeat superior; it was not necessary because the sheriff was statutorily liable. Other district courts in the Fourth Circuit have dealt with this issue and have concluded that respondeat superior has no applicability under 42 U.S.C. § 1983 because the statute contemplates "personal involvement" of the person sued thereunder. *Landman v. Royster*, 354 F.Supp. 1302 (E.D. Va.1973); *Bennett v. Gravelle*, 323 F.Supp. 203 (D.Md.), aff'd 451 F.2d 1011 (4th Cir. 1971); *See also Matthews v. Brown*, 362 F.Supp. 622 (E.D.Va.1973); *Penn v. Oliver*, 351 F.Supp. 1292 (E.D. Va.1972). This court is in agreement on that issue and the present action against defendant Mathis must therefore be dismissed.

Defendants' motion to dismiss the action against defendant Mathis is granted, but as against all other remaining defendants, Hyatt, Sims, Parnell, Allen,

Booth, Nettles, Rembert, Lee, Fort, Brogdon, and Rivers, the motion to dismiss is denied. The remaining defendants shall answer within ten (10) days of notice of this order as required by Rule 12.

AND IT IS SO ORDERED.