**JANE D., a minor, by and through her mother and next friend, Mary D., Individually and on behalf of all others similarly situated, Plaintiffs,**

v.

**John L. SEURYNCK, Individually and in his official capacity as Director, Office of School Food Services, South Carolina Department of Education, John H. Cathcarth, Walter J. Smith, Gloria G. Rosemond, J. Arthur Budjes, Jr., Clyde S. Cash, R. Wayne Clary, Clarence J. Huffstetler, Jerry W. McDaniel, Joe D. Spencer, Individually and in their official capacities as members of the Board of Trustees of Cherokee County School District Number 1, Sidney M. Gosnell, Individually and in his official capacity as District Superintendent, Jean R. Barnhill, Individually and in her official capacity as County School Lunch Supervisor, Robert P. Brown, Individually and in his official capacity as Principal of West Junior High School, Defendants.**

No. C/A 78–788.

United States District Court,
South Carolina,
Greenville Division.

Sept. 18, 1978.

Harold F. Daniels, J. Edwin McDonnell, Piedmont Legal Services, Inc., Spartanburg, S.C., for plaintiffs.

Paul League and Frank DuRant, Columbia, S. C. for defendants.

### ORDER

HEMPHILL, District Judge.

This action was initiated on behalf of Jane D. as a class action, to secure rights under the National School Lunch Act, 42 U.S.C., §§ 1751, *et seq.*, which plaintiffs allege had been violated by all defendants originally named in this action. Plaintiffs prayed for preliminary and permanent injunctive relief, as well as, for damages under 42 U.S.C. § 1983. Originally, in addition to defendant Seurynck, plaintiff named the entire Board of Trustees of Cherokee County School District Number 1 in their individual and official capacities and various other county and school district employees. Heretofore, by Order dated June 14, 1978, plaintiffs and all defendants except Seurynck entered into a consent Order, approved by this Court. Said Order held that plaintiffs' rights under the National School Lunch Act had been violated in that students eligible for participation under said Act had been overtly identified in the process of issuing school lunch tickets for free meals. The defendants in the June 14 Order agreed to the entry of a preliminary

and permanent injunction, enjoining them from overtly identifying students eligible to participate in the aforementioned program and requiring the defendants to adhere to the applicable Federal statutes and regulations promulgated pursuant thereto by the United States Department of Agriculture. 7 C.F.R., Part 210.

The case is presently before the Court upon plaintiff's Motion for Preliminary Injunction as to Defendant Seurynck. Also pending is defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment and Cross Motion by plaintiffs for Summary Judgment. Based upon the memoranda, affidavits, and exhibits submitted in support of the various motions, no necessity exists to separately rule upon the Motion for Preliminary Injunction. The Courts find the record sufficient to determine this matter upon the merits, following a brief word regarding the Motion for Preliminary Injunction.

In the complaint herein, plaintiffs seek the same redress against all defendants, that is, the Cherokee County defendants and the State defendant, Seurynck. The aforementioned Order of June 14, 1978, granted plaintiffs, with regard to the Cherokee County defendants, all relief sought. With regard to Defendant Seurynck, plaintiffs contend that he is liable for acts of the Cherokee County defendants based upon his generally supervisory position for the public school lunch program for the entire State of South Carolina. § 59–63–710, Code of Laws of South Carolina, 1976. At this point it is unnecessary to consider the precise scope of Defendant Seurynck's duty in supervising individual school district implementation of programs under the National School Lunch Act. That plaintiffs have achieved the goal of their suit is adequate to render superfluous the granting of a preliminary injunction as to Defendant Seurynck. There is no allegation herein that Defendant Seurynck actively caused the overt identification of any of the plaintiff class. Further, this Court must presume that its June 14, 1978 Order has been effectuated, for plaintiffs have not sought any further action by this

Court pursuant to that Order. As previously stated, the June 14, 1978, Order, consented to by the Cherokee County defendants, eliminates the complaint of overt identification in Cherokee County. This Court will not perform the futile and superfluous act of ordering a preliminary injunction as to the Defendant Seurynck, which injunction would merely require that Defendant Seurynck carry out his duties as he is already required by applicable Federal and State Statutes and regulations. Therefore, the plaintiff's Motion for Preliminary Injunction will ,be denied.

■ A Motion to Dismiss or In the Alternative for Summary Judgment has been filed on behalf of Defendant Seurynck, along with the affidavits of Defendant John L. Seurynck and Terry J. Loftis. Plaintiffs thereafter filed their Cross-Motion for Summary Judgment, supported only by various affidavits attached to· the original complaint.[1] Various grounds are presented in each Motion; however, I have concluded that Defendant Seurynck is entitled to prevail on his Motion for Summary Judgment based upon the inapplicability of the doctrine of *Respondeat Superior* to actions arising under 42 U.S.C., § 1983. The Court deems it unnecessary to treat the other grounds presented by the parties.

Defendant Seurynck is the Director of the Office of School Food Services for the South Carolina State Department of Education. In that capacity, he is responsible for the overall administration of South Carolina Statewide School Food Services Program, carried out pursuant to the National School Lunch Act, the Child Nutrition Act of 1966, and pertinent State law, supra. Defendant Seurynck commands a staff of twelve professional, secretarial, and clerical personnel, of which four are designated as State Supervisors. The State Supervisors conduct on-site school reviews to monitor compliance with Federal and State law and regulations in all school districts in South Carolina.

The Office of School Food Services enters into a contract with the United States Department of Agriculture, whereby the Office of School Food Services receives Federal funds to implement various programs in accordance with Federal regulation. In turn, the Office of School Food Services, through the State Department of Education, enters into separate agreements with the State's ninety-three school districts to provide funds for food services in participating schools. The individual school districts agree to comply with a policy for free and reduced price meals approved by the State Department of Education. The Agreement entered into between Cherokee County School District Number One and the State Department of Education is attached to plaintiff's complaint as Exhibit A. Among other provisions, the Agreement places the following express requirement upon the County School District:

> Ensure that there will be no physical segregation of, nor any other discrimination against, any child because of his inability to pay the full price. of the meal or milk. The names of the children eligible to receive free meals, free milk or reduced-price meals shall not be published, posted, or announced in any manner and there shall be no overt identification of any such children by use of special tokens or tickets or other means.

While Defendant Seurynck has certain supervisory duties, the Court concludes that the primary obligation to ensure that no overt identification of eligible students is upon the local school district. The affidavit of Terry J. Loftis, filed herein by defendant, states that Loftis is employed as a

---

1. The Court is aware that plaintiffs have filed in the Office of the Federal Clerk of Court two affidavits, which apparently, are intended as support for their Motion for Summary Judgment. Said affidavits, however, were not timely filed, having been submitted some two and one half months after plaintiff's motion; some one and one half months after defendant's last submission; and only after a motion hearing, on August 30, 1978, on Plaintiffs' Motion for Preliminary Injunction. Plaintiffs neither requested nor received leave of the Court to Submit said affidavits. The affidavits in question are those of Mary D. and Elwood Lambert, dated September 6, 1978.

State Supervisor in the Office of School Food Services, and that Loftis is responsible for twenty-six school districts, including Cherokee County. Attached to Mr. Loftis' affidavit as Exhibit "D" is the aforementioned agreement between the State Department of Education and Cherokee County School District Number One. Said exhibit includes the plan by which the County agreed to implement the free and reduced lunch program in Cherokee County Schools, which plan was approved by the Office of School Food Services of the State Department of Education. There is no doubt whatever that the approved plan is in compliance with the aforementioned Federal statute and Department of Agriculture regulations, and plaintiffs do not allege otherwise. Finally, this Court notes with great interest that the Department of Agriculture has highly commended the State Department of Education's Implementation efforts under the Child Nutrition Programs. Affidavit of John L. Seurynck, July 11, 1978.

Against the factual backdrop outlined above, the legal issue involved herein came clearly into focus. Plaintiffs allege that Defendant Seurynck has violated their Constitutional rights in failing to sufficiently supervise the free and reduced price lunch program in Cherokee County School District Number One. They would have the Court find that Defendant Seurynck's failure to discover and correct an isolated instance of overt identification at a single school in Cherokee County constituted action under color of State law within the context of 42 U.S.C., § 1983. Defendant Seurynck counters by urging the Court to find that he had no personal involvement in the matters alleged in plaintiffs' complaint, sufficient to make him a person within the ambit of aforementioned Federal civil rights statute.

■ 42 U.S.C., § 1983 [2] requires personal action in order to render a defendant liable for alleged deprivation of Constitutional rights. This principle has been affirmed by the United States Fourth Circuit Court of Appeals, enunciating the standard in *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977):

> Although § 1983 must be "read against the background of tort liability that makes a man responsible for the natural consequences of his actions," *Monroe v. Pape*, 365 U.S. 167, 187, 81 S.Ct. 473, 484, 5 L.Ed.2d 492 (1961), "[l]iability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiffs' rights. The doctrine of respondeat superior has no application under this section." *Bennett v. Gravelle*, 323 F.Supp. 203, 214 (D.Md.1971), aff'd 451 F.2d 1011 (4th Cir. 1971).

A further explanation of the standard is stated in *Mitchell v. Hendricks*, 431 F.Supp. 1295, 1301 (E.D.Pa.1977):

> As I stated earlier in this case *Mitchell v. Hendricks*, (E.D.Pa. C.A. No. 72–2184 Opinion filed February 3, 1976, at page 2) when I granted defendant Hendricks' Motion for Summary Judgment: "The weight of authority in the federal courts makes it manifestly clear that the doctrine of respondeat superior has no applicability, in its traditional sense to the majority of claims for monetary damages under the Civil Rights Act." Rather, it is necessary to establish actual personal knowledge or involvement, the personal ordering of a subordinate to do acts, or actual knowledge of the acts of subordinates and acquiescence therein if liability of a superior, in a civil rights action is to be found. [citations omitted].

See also *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976), and *Scott v. Vandiver*, 476 F.2d 238 (4th Cir. 1973).

■ Plaintiffs' complaint is void of any allegation charging Defendant Seurynck with personal involvement in the overt

---

**2.** "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

identification of students eligible to receive free meals at West Junior High School. All that appears in the complaint is a very broad conclusory allegation in paragraph 24 that Defendant Seurynck failed to carry out his statutory duties under § 59–63–710, Code of Laws of South Carolina, 1976. The fatal flaw in such an allegation is that no ultimate, as opposed to conclusory, facts are plead, alleging any personal act or omission on the part of the named defendant. For the above stated reason, the plaintiffs have failed to state a claim upon which relief can be granted as to Defendant Seurynck.

Assuming *arguendo* that plaintiffs had stated a cause of action, this Court is convinced after examining the pleading, affidavits, and exhibits that no material issue of fact exists and Defendant Seurynck's Motion for Summary Judgment is meritorious. The record herein discloses without contradiction that the Office of School Food Services has properly performed its duties under applicable Federal and State statutes and regulations. Plaintiffs have failed to present any affidavits, either in opposition to defendant's motions or in support of plaintiffs' Motion for Summary Judgment, demonstrating that Defendant Seurynck actually knew of or participated in any way in the overt identification of the the plaintiff class.[3] Therefore, Defendant Seurynck is entitled to prevail upon his Motion for Summary Judgment.

Therefore, in accordance with the views expressed herein, plaintiffs' Motion for Preliminary Injunction is denied; plaintiffs' Cross Motion for Summary Judgment is denied; Defendant Seurynck's Motion to Dismiss is, or in the Alternative for Summary Judgment is granted.

AND IT IS SO ORDERED.

---

[3]. As previously discussed, plaintiffs' belatedly filed affidavits of Jane D. and Elwood Lambert; however, neither affidavit demonstrates any personal involvement whatever on the part of Defendant Seurynck.