22992

MIDLANDS UTILITY, INC., Respondent v. SOUTH CAROLINA DEPARTMENT OF HEALTH AND ENVIRONMENTAL CONTROL, Appellant.

(378 S. E. (2d) 256)

Supreme Court

*Jean P. Derrick,* Lexington, *for respondent.*

*Gen. Counsel Walton J. McLeod, III, Staff Atty. Samuel L. Finklea, III*, both of *S.C. Dept. of Health and Environmental Control*, Columbia; and *John Harleston*, of *Taft, Stettinius & Hollister*, Cincinnati, Ohio, *for appellant.*

*Asst. Atty. Gen. Roger J. Marzulla, Jacques Gelin* and *Louise F. Milkman*, Washington, D.C., and *Eric Ruschky*, Columbia, all *amicus curiae* for *U.S. Dept. of Justice, Land and Natural Resources Division.*

Heard Jan. 10, 1989.

Decided March 27, 1989.

*Per Curiam:*

This is an appeal from a circuit court order which reversed an order of the Board of the Department of Health and Environmental Control. We reverse.

Respondent (Midlands) is a private company which bought a number of sewage systems in 1978 with full knowledge of their conditions and operating capabilities. Thereafter, Midlands and DHEC entered into consent orders which required certain actions be taken by Midlands to bring the systems into compliance with effluent discharge limitations. In 1982, appellant (DHEC) issued a rule to show cause alleging Midlands was in violation of various DHEC regulations, permits, orders and the Pollution Control Act, S. C. Code Ann. §§ 48-1-10 to -350 (1987).

An administrative adjudicatory hearing was held in December 1982. The hearing officer issued his report on April 11, 1983, and both Midlands and DHEC appealed to the full Board. The Board issued its final order on November 18, 1983, which ordered Midlands to take certain corrective actions and assessed civil penalties for violations totalling $38,200 (the Board order). Midlands appealed to the circuit court and the special circuit judge reversed the Board order in its entirety.

DHEC argues the circuit court erred in holding that ■ certain discharge monitoring reports (DMRs) were improperly admitted into evidence. We agree.

At the adjudicatory hearings, DHEC sought to introduce Midlands' DMRs as proof of Midlands' violations of the

effluent limitations contained in its operating permits. Midlands objected to their admission on the ground the reports were hearsay because most of them were prepared by an independent laboratory. The circuit court held the DMRs were inadmissible hearsay documents.

Midlands was required to prepare the reports in question under its operating permit. The challenged reports were prepared by an independent lab which Midlands admits was authorized to prepare and submit the reports for Midlands.

In our opinion, the reports were clearly admissible as an admission of a party and the circuit judge erroneously concluded otherwise. *See Marshall v. Thomason*, 241 S. C. 84, 127 S. E. (2d) 177 (1962) (statement by an agent, during the course of his duties and within the scope of his authority, relative to business contemplated by the agency in which he is then engaged are admissible in evidence against the principal).

■ DHEC next argues the circuit court erred in setting aside the civil penalties assessed against Midlands by the Board. We agree.

On appeal from an agency order, a reviewing court may not substitute its judgment for that of the agency as to the weight of the evidence. A court may reverse an agency decision only if it is clearly erroneous in view of the reliable, probative and substantial evidence on the whole record or arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. S. C. Code Ann. § 1-23-380(g), -380(g)(5) and -380(g)(6). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *South Carolina Dept. of Mental Retardation v. Glenn*, 291 S. C. 279, 353 S. E. (2d) 284 (1987).

The circuit court, as discussed above, concluded that the DMRs prepared for Midlands were erroneously considered by the hearing officer and the Board as proof of Midlands' violations. Because of this ruling, the circuit court held that there was no proof Midlands had violated the effluent limitations in its permits.

In addition to the fact that we have concluded that the DMRs were admissible, there is ample other evidence in the record to support the Board's ruling that Midlands had violated the effluent limitations on numerous occasions.

The circuit judge also reversed the Board's findings that Midlands had violated two (2) construction orders. In our opinion, there is substantial evidence to support the Board's findings and it was error for the circuit court to reverse.

The first construction order concerns the elimination of the Dutch Village plant. The order, with a subsequent amendment, required that construction of the line begin by March 15, 1979. The record reveals that Midlands' president admitted construction did not begin until the summer of 1980 although the construction permit was issued on May 31, 1979. Mr. Parnell stated that the reason construction was not started earlier was because Midlands had to have the money to lay the pipe.

The circuit judge also concluded there was not substantial evidence to support the Board's conclusion Midlands had violated a consent order regarding sludge handling facilities at Midlands' Westgate plant. The order required the submission of "plans and specifications" for ugrading the facilities.

Again, Mr. Parnell testified he had not submitted any plans or specifications because "they are not necessary." The circuit judge held that a letter from Mr. Parnell to DHEC which states that septic tank pumper trucks will be used to remove sludge as needed was sufficient to comply with the order.

In determining the Board's order was not supported by substantial evidence the circuit judge relied on the fact that there were no more problems with sludge after the consent order was entered into. In our opinion, this is irrelevant to the question of whether Midlands submitted "plans and specifications" for dealing with the situation, as they had agreed to do. We conclude there is substantial evidence to support the Board's findings that subsequent to the consent order no sludge handling facilities had been constructed and that Midlands had no intention of doing so.

The circuit court reversed the Board's imposition of penalties relative to effluent limitations in part because DHEC had failed to show any harm to the environment. Under S. C. Code Ann. § 48-1-330 (1987), a person who violates the Clear Water Act or violates a DHEC permit or order shall be subject to a civil penalty of up to $10,000 per day of the violation. The section does not make a

showing of harm a prerequisite to liability and, in our opinion, the circuit court erroneously read into § 48-1-330 a condition which is not there.

The circuit court also concluded that because of certain actions by DHEC the Board was estopped from imposing penalties for certain of the violations. Accordingly, he reversed the imposition of penalties for Midlands' violation of DHEC orders and permit effluent limitations at the Washington Heights and Vanarsdale plants.

A party claiming estoppel against a public body must show: (1) a lack of knowledge and the means of knowledge of the truth as to the facts in question; (2) justifiable reliance upon the conduct of the party estopped; and (3) a prejudicial change in position. *Landing Development Corp. v. City of Myrtle Beach*, 285 S. C. 216, 329 S. E. (2d) 423 (1985).

In its order the Board rejected Midlands' argument that DHEC led Midlands to believe that no enforcement actions would be taken for their violations of orders and permits. The Board order states that Midlands was notified several times that enforcement action was contemplated and that the matter was under review by DHEC's legal office.

In addition to letters from DHEC to Midlands, the testimony of Midlands' president again provides more than substantial evidence to support the Board order. Mr. Parnell testified that at one point he wrote DHEC informing them he was going to upgrade the Washington Heights plant simply to keep them "from bugging me while I was trying to do something." Mr. Parnell repeatedly acknowledged that he knew Midlands was violating permits and orders and could be fined but that he did not have the money to put the plants in compliance.

In our opinion, Midlands failed to show it lacked knowledge of the truth and further, Midlands did not detrimentally rely on any actions by DHEC. We reverse the circuit court's ruling that DHEC was estopped from assessing penalties.

In light of our disposition of these issues, we need not address DHEC's remaining exceptions.

Reversed.