## 22993

MIDLANDS UTILITY, INC., Respondent v. SOUTH CAROLINA
DEPARTMENT OF HEALTH AND ENVIRONMENTAL
CONTROL, Appellant.

(391 S.E. (2d) 535)

Supreme Court

William E. Booth, III, of *Griffith, Mays, Foster & Kittrell,* Columbia, *for respondent.*

*General Counsel Walton J. McLeod, III, Staff Atty. Samuel L. Finklea, III,* both of *S.C. Dept. of Health and Environmental Control,* Columbia, and *John Harleston, of Taft, Stettinius & Hollister,* Cincinnati, Ohio, *for appellant.*

Heard Jan. 10, 1989.

Decided March 27, 1989.

*Per Curiam:*

Respondent (Midlands) instituted this action against appellant (DHEC) in circuit court asking the court to require DHEC to issue a construction permit. DHEC answered and counterclaimed alleging that Midlands had abandoned its appeal from an order of the Board issued in 1983 and was in violation of that order and asking that the court impose penalties for the violations. DHEC also asked the court to impose penalties for Midlands' alleged violations of its permits and DHEC regulations and sought injunctive and other relief. The circuit court granted mandamus against DHEC, refused to assess any penalties against Midlands and dismissed DHEC's counterclaims for injunctive relief and appointment of a receiver. We reverse and remand.

In its first counterclaim, DHEC sought to have penalties assessed against Midlands for its failure to take corrective actions as required by the 1983 order. The circuit court held that because it was reversing the 1983 Board order, the issue of Midlands' compliance with the order was moot. In light of our reversal of that decision of the circuit court, *Midlands Utility Inc. v. South Carolina Department of Health and Environmental Control,* 298 S.C. 66, 378 S.E. (2d) 256 (1989), we reverse the trial judge's ruling in this case and remand for a determination of the question of Midlands' alleged violations of the 1983 order.

The circuit court also refused to impose any penalties for Midlands' violations of its permit's effluent limitations, DHEC operation and maintenance regulations and Midlands' unpermitted construction and unpermitted operation of its waste disposal systems.

Under S.C.Code Ann. § 48-1-330 (1987) a person who violates the Clean Water Act or violates a DHEC permit or order shall be subject to a civil penalty of up to $10,000 per day of the violation. The special circuit judge, while recognizing that Midlands' had committed the violations alleged, concluded that no penalties were warranted.

The circuit judge declined to impose penalties for the effluent limitation violations because the severity of the violations was not established and because DHEC had not previously taken any action to enforce the limitations. No penalties were assessed for the operation and maintenance violations because Midlands corrected the problems as soon as possible under the circumstances or as soon as it could. As to the unpermitted construction and operation, the circuit court concluded no penalties were warranted because in all but one instance a construction permit was eventually obtained and because Midlands was willing to seek variances which would allow it to obtain operating permits.

In our opinion, the reasons cited by the circuit judge for not imposing penalties, while certainly appropriately considered in determining the amount of the penalty, are insufficient to warrant the imposition of no penalty. The circuit court's dismissal of DHEC's counterclaims which sought civil penalties is therefore reversed and the matter remanded to the circuit court for a determination of appropriate penalties.

DHEC also challenges the grant of Midlands' request for a writ of mandamus requiring DHEC to issue it a construction permit. We agree with DHEC that mandamus was erroneously issued.

Midlands sought and obtained a permit to construct a sewer line which would connect the Westgate subdivision to the City of Cayce's wastewater treatment plant. However, the project was constructed in a manner different from that allowed by the permit to enable Midlands to serve customers in an additional area. Midlands had been advised that if the project was going to be different from the one permitted, a

new application would have to be filed.

After the construction was completed, Midlands submitted revised plans and requested a revised construction permit. DHEC refused to issue a revised permit because the revised plans were not consistent with the areawide wastewater treatment management plan (208 plan).

The circuit judge ruled that conformance with the 208 plan was not required because discharge from the project would be directed solely to the City of Cayce and a DHEC regulation provides no discharge permit is necessary if the discharge is directed solely to a publicly-owned treatment work. The judge ruled that the issuance of the permit by DHEC was a purely ministerial act and mandamus was appropriate. We disagree.

In our opinion, the fact a discharge permit is unnecessary is irrelevant to the question of whether DHEC is required to issue a construction permit which will conflict with a 208 plan. Under S.C. Code Ann. § 48-1-110 (1987), it is unlawful for any person to construct or materially alter any disposal system or source without having plans approved by DHEC. DHEC is authorized to issue or deny permits for the installation of disposal systems or parts thereof and take all action necessary or appropriate to secure to the State the benefits of the Federal Clean Water Act. S.C. Code Ann. § 47-1-50(5), (17).

First, Midlands' action in constructing the lines without a permit was unlawful. Secondly, the 208 plan, which addresses waste water treatment needs for the entire region, is an appropriate consideration in deciding whether a permit should be issued. Although Midlands may not be directly discharging more effluent into the waters of the State, it is increasing the amount of effluent being discharged by the City of Cayce. The 208 plan apparently did not contemplate this increased discharge.

Thirdly, because the statute states that DHEC may issue or deny permits, the judge was incorrect in stating DHEC had merely a ministerial act to perform. Nor did Midlands have a clear legal right to the permit. Accordingly, the issuance of a writ of mandamus was inappropriate and is reversed. *See Wiblen v. Long,* 262 S.C. 430, 205 S.E. (2d) 174 (1974) (mandamus in the highest judicial writ known to the

law and is issued only to enforce a clear legal right requiring the performance of only ministerial duties).

Finally, DHEC assigns error to the circuit court's dismissal of its counterclaims for injunctive relief and the appointment of a receiver.

DHEC asked the circuit court to issue an injunction ordering Midlands to comply with preexisting obligations, to cease unauthorized discharges and unpermitted construction and to achieve compliance with its permit's effluent limitations. Additionally, DHEC asked that Midlands be enjoined from adding more wastewater flows to its disposal system until compliance was achieved and asked for the appointment of a receiver to take possession and control of Midlands' assets until compliance was achieved. The circuit court did not grant any of the relief DHEC requested.

In our opinion, the trial judge did not commit reversible error by failing to grant the requested relief. As to the injunctive relief, Midlands was already obligated under its permits and the applicable statutes to do everything the injunction would have encompassed. Accordingly, we do not believe the circuit court erred in failing to issue an injunction. *Jane D. v. Seurynck*, 473 F. Supp. 860 (DCSC 1978).

As to the receivership, under S.C. Code Ann. § 15-65-10 (1976), the appointment of a receiver is within the discretion of the circuit judge. *Kirven v. Lawrence*, 244 S.C. 572, 137 S.E. (2d) 764 (1964). The appointment of a receiver is a drastic remedy, and should be granted only with reluctance and caution. *Vasiliades v. Vasiliades*, 231 S.C. 366, 98 S.E. (2d) 810 (1957). DHEC did not present the circuit court with any plan relating to the appointment of a receiver, and the judge did not abuse his discretion in failing to appoint one.

The portions of the circuit court's order denying DHEC's requests for injunctive relief and appointment of a receiver are affirmed. This affirmance is without prejudice to DHEC's right to renew its request for a receiver and to present supporting evidence at the rehearing of this matter. The remainder of the order is reversed and remanded.

Reversed and remanded.