976 F.2d 726
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Van Edward MCCRAE, Plaintiff-Appellant,
v.
E. Preston OLDHAM, Sheriff; Forsyth County Board of
Commissioners; David T. Flaherty, Secretary, North
Carolina Department of Human Resources,
Defendants-Appellees.
 No. 91-6598.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: October 1, 1991
Decided: September 10, 1992
 
 Van Edward McCrae, Appellant Pro Se.
 Ellen M. Gregg, WOMBLE, CARLYLE, SANDRIDGE & RICE, Winston-Salem, North Carolina;
 John R. Corne, Assistant Attorney General, Raleigh, North Carolina, for Appellees.
 Before WIDENER, MURNAGHAN, and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Van Edward McCrae appeals from the summary judgment entered in favor of Defendants in this 42 U.S.C. § 1983 (1988) action. For the reasons stated below, we affirm in part, vacate in part, and remand for further proceedings in the district court.
 
 
 2
 McCrae entered the Forsyth County Jail as a pretrial detainee on May 7, 1989. McCrae alleges that he was housed along with twentyseven to twenty-eight other men in a cell designed to hold no more than twelve men and that he contracted hepatitis as a result of the overcrowded and unsanitary conditions in the jail. He also claims that the jail officials were deliberately indifferent to his serious medical needs by failing to obtain medical assistance for"four to five" days after he first complained of illness. In addition, McCrae claims that the overcrowded and unsanitary condition of the cell, along with poor ventilation, poor lighting, and lack of any recreational area constituted cruel and unusual punishment in violation of the Eighth Amendment. McCrae filed this action against Preston Oldham (Oldham), former sheriff of Forsyth county; the Forsyth County Board of Commissioners (Board); and David Flaherty, Secretary of the North Carolina Department of Human Resources (Flaherty). The district court granted summary judgment to all Defendants.
 
 I.
 
 3
 McCrae claims that despite his complaints and a recorded fever of 103 degrees on May 13, he was not seen by medical personnel until May 15. He was then diagnosed as suffering from a type of hepatitis. The affidavit of Dr. Edgar T. Chandler states that"there is not a treatment for hepatitis other than the body's own immune system." McCrae offered no evidence to refute this statement. In light of this affidavit, the challenged four to five day delay could not form the basis for a claim under Estelle v. Gamble, 429 U.S. 97 (1976). In addition, neither the Board nor Flaherty may be held liable for a claim of deliberate indifference to serious medical needs under § 1983. Vinnedge v. Gibbs 550 F.2d 926, 928 (4th Cir. 1977) ("iability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiffs' rights. The doctrine of respondeat superior has no application under this section," quoting Bennett v. Gravelle, 323 F. Supp. 203, 214 (D. Md.), aff'd, 451 F.2d 1011 (4th Cir. 1971)). Therefore, the district court's order as to this claim is affirmed.
 
 II.
 
 4
 The district court properly awarded summary judgment to Flaherty and the Board on McCrae's claim concerning living conditions at the jail. See Monell v. Department of Social Servs., 436 U.S. 658 (1978) (respondeat superior may not be used as a basis for liability in § 1983 actions). However, we vacate the portion of the order granting summary judgment to Oldham on this claim and remand to the district court for the reasons that follow.
 
 
 5
 The magistrate judge's report does not address the overcrowding issue apart from his conclusion that it could not have caused McCrae's hepatitis. Finding no harm, he concluded that McCrae failed to demonstrate a constitutional violation. However, the magistrate judge failed to take into account the combined effects of the alleged overcrowding with the other conditions complained of by McCrae.
 
 
 6
 As a pretrial detainee, McCrae's claims are evaluated under the Due Process Clause, rather than the Eighth Amendment. Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979). However, the due process rights of detainees are at least coextensive with Eighth Amendment rights of convicted prisoners, and perhaps greater. Whisenant v. Yuam, 739 F.2d 160 (4th Cir. 1984); Loe v. Armistead, 582 F.2d 1291, 1292 (4th Cir. 1978).
 
 
 7
 Although it is well settled that overcrowding may, in certain cases, amount to cruel and unusual punishment, Courts have disagreed over the minimum square footage required per inmate. See Rhodes v. Chapman, 452 U.S. 337, 341 (1981) (double-celling in sixty-threesquare-foot cells was not constitutionally impermissible in a "topflight, first-class facility"); Plyler v. Evatt, 924 F.2d 1321 (4th Cir. 1991) (double-celling of inmates in seventy-three-square-foot cells could be tolerated in light of a sudden influx of inmates, even though the consent decree provided that no inmates were to be double-celled unless the cell was at least 100 square feet); Campbell v. McGruder, 580 F.2d 521 (D.C. Cir. 1978) (each inmate must be accorded at least forty-eight square feet); Lareau v. Manson, 651 F.2d 96 (2d Cir. 1981) (double-celling of inmates in sixty to sixty-five-square-foot cells for more than thirty days unconstitutional). The record contains no evidence with respect to the dimensions of the cell at issue, although two of the Defendants admitted that "at the time of the plaintiff's incarceration the number of inmates incarcerated at the Forsyth County Jail exceeded the Jail's design capacity."[1] Therefore, upon remand, the district court should make further factual findings on this issue.
 
 
 8
 Even if the overcrowding would not, in itself, be unconstitutional, McCrae alleges a number of other conditions which, in combination, may state a claim under § 1983. In Wilson v. Seiter, 59 U.S.L.W. 4671 (U.S. 1991), the Supreme Court held that:
 
 
 9
 Some conditions of confinement may establish an Eighth Amendment violation "in combination" when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise-for example, a low cell temperature at night combined with a failure to issue blankets.
 
 Id. at 4673.[2]
 
 10
 In his Motion for Summary Judgment, McCrae claims (by way of affidavit) that he was made to sleep on a concrete floor, that there was no ventilation, and that he was not allowed recreation. McCrae further states that he was subjected to these conditions for six months. Supporting affidavits submitted by McCrae state that the jail was over crowded to the same extent as alleged by McCrae,"filthy," "vermin infested," and that there "was no recreation nor other means of exercise available to the inmates." These conditions, if true, could combine to deprive McCrae of "a single, identifiable human need"-living space; and, given the duration to which McCrae was subjected to them, provide the basis for a claim under Wilson v. Seiter.[3]
 
 
 11
 Therefore, the district court's order is vacated in part and remanded for further proceedings to determine whether the size of the cell alone, or the overcrowding in combination with the other conditions, amounts to a constitutional deprivation. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 12
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED
 
 
 
 [1]
 Also, the Motion for Summary Judgment filed by Oldham and the Board includes, as Exhibit 1, a semiannual inspection report of the Forsyth County Jail prepared by the North Carolina Department of Human Resources. The report states that "[b]oth male and female section [sic] overcrowded at the time of this inspection."
 
 
 [2]
 Although Wilson was decided under the Eighth Amendment, McCrae is entitled to at least equal consideration of his combined conditions of confinement under the Fourteenth Amendment
 
 
 [3]
 Length of confinement may be a determinative factor in evaluating claims of prison overcrowding. See Bell v. Wolfish, 441 U.S. at 543 ("Our conclusion [that double-bunking did not violate the Constitution] is further buttressed by the detainees' length of stay.... Nearly all of the detainees are released within sixty days."). Although Wilson v. Seiter rejected a "shortterm/long-term distinction" in evaluating Eighth Amendment claims, certainly length of stay, in this instance, would be a determinative factor in finding whether the deprivation was "sufficiently serious" to amount to a constitutional violation. Id. at 4672 (citing Rhodes v. Chapman, 452 U.S. 337 (1981))