2054

MIDLANDS UTILITY, INC., Appellant v. S. C. DEPARTMENT OF HEALTH AND ENVIRONMENTAL CONTROL, Respondent.

(437 S.E. (2d) 120)

Court of Appeals

*William E. Booth, III*, Columbia, *for appellant.*

*Samuel L. Finklea, III* and *Gen. Counsel Walton J. Mc-Leod, III*, both of *S. C. Dept. of Health and Environmental Control*, Columbia *for respondent.*

Heard Feb. 22, 1993.

Decided March 22, 1993.

*Per Curiam:*

In October 1986, Midlands Utility, Inc., filed this suit against the South Carolina Department of Health and Envi-

ronmental Control seeking a writ of mandamus to require the Department to issue a permit to allow it to connect some of its sewerage systems to the City of Cayce's system. The Department counterclaimed alleging against Midlands five categories of violations under the South Carolina Pollution Control Act.[1] The circuit court ruled in favor of Midlands on both the writ of mandamus and the Department's counterclaims. The Supreme Court reversed the judgment of the circuit court and remanded the Department's counterclaims for a determination of appropriate penalties. *See Midlands Utility, Inc. v. South Carolina Department of Health and Environmental Control,* 301 S.C. 224, 391 S.E. (2d) 535 (1989). On remand, the circuit court imposed a $101,000 penalty on Midlands for all five categories of violations. Midlands now appeals. We affirm in part and reverse in part and remand.

Midlands argues the circuit court abused its discretion in imposing a $101,000 penalty against Midlands.

Under S.C. Code Ann. § 48-1-330, any person in violation of the pollution statute or a Department regulation, order, or permit is subject to a fine of up to $10,000 per day for every day in violation. Midlands violated the Department's orders on hundreds of days, so the $101,000 penalty is well within the maximum amount allowed by law. However, each fine must be analyzed individually to determine if it is appropriate under the circumstances. The assessment of a civil penalty for violation of an environmental statute is committed to the informed discretion of the circuit court; in exercising this discretion, the court should give effect to the major purpose of a civil penalty—deterrence. *Cf. United States v. T & S Brass and Bronze Works, Inc.,* 681 F. Supp. 314 (D.S.C.), *aff'd in part and vacated in part,* 865 F. (2d) 1261 (1988). The judgment of the circuit court will not be disturbed on appeal absent an abuse of discretion. *See Hyload, Inc. v. Pre-Engineered Products, Inc.,* — S.C. —, 417 S.E. (2d) 622 (Ct. App, 1992).

1. Effluent Discharge: $50,000

The Circuit court cited Midlands for 267 effluent discharge violations. Of the 267, 134 resulted from discharges at the Washington Heights and Lincolnshire

---

[1]S.C. Code Ann. § 48-1-10 *et seq.* (1987).

systems from 1984 to early 1987. Midlands attempted to connect these two systems to Columbia's system before 1984. In 1984, the Department ordered the City of Columbia to allow the connection or buy the systems from Midlands. The City appealed this order. The Supreme Court affirmed the Department's order in 1987,[2] and the City of Columbia then purchased the Lincolnshire and Washington Heights systems from Midlands. In addition, the Department conceded it would be impossible for these two systems to have met the pollution standards regardless of how well Midlands managed them, unless they were connected to the City of Columbia or extensively upgraded. Because the City of Columbia, not Midlands, was the primary cause of the continued discharges at the Lincolnshire and Washington Heights systems, we hold the circuit court abused its discretion by assessing a fine against Midlands for these discharges. On remand, the circuit court shall reduce the penalty by $25,094 for the 134 violations at the Lincolnshire and Washington Heights systems.

The judge also cited Midlands for violations at their Vanarsdale system. Midlands argues the penalties for these violations were unwarranted, because the Department disapproved its request to connect Vanarsdale to the City of Cayce's system. The Department disapproved Midlands' application because granting a permit conflicted with its regional sewerage plan. The Supreme Court reversed the circuit court's grant of a writ of mandamus which required Cayce to allow Midlands to connect the Vanarsdale system. *See Midlands v. South Carolina Department of Health and Environmental Control, supra.* It ruled that issuing permits is within the Department's discretion and not disturbing the regional plan was an appropriate basis for denying Midlands' permit application. Therefore, the circuit court did not abuse its discretion by imposing a penalty for violations, which Midlands does not contest occurred, at the Varnasdale system.

2. Noncompliance with the Department's Construction Schedule: $20,000

The court fined Midlands for failing to meet seven construction deadlines set by the Department on various projects. Midlands missed most of these deadlines by

---

[2] *See City of Columbia v. Board of Health and Environmental Control,* 292 S.C. 199, 355 S.E. (2d) 536 (1987).

several months. The Department sought a $35,000 penalty. The judge reduced this figure to $20,000 because Midlands had completed work on four of the problem systems by the hearing date. We find no abuse of discretion.

### 3. Operation and Maintenance Violations: $25,000

The judge cited Midlands for 41 operation and maintenance violations. These violations included, among other things, no flow measuring devices at the Washington Heights and Lincolnshire systems. Midlands argues it should not be fined for these violations, because it would have been a waste of money to purchase devices for systems it was attempting to connect to the City of Columbia. However, these devices are standard for any sewerage system. Even though the City resisted Midlands' attempt to connect for three years, Midlands had a duty to comply with health and environmental standards while the legal proceedings were pending. We find no abuse of discretion for imposing penalties for operation and maintenance violations.

### 4. Unpermitted Construction: $4,000

The judge cited Midlands for constructing sewer lines and lift stations without permits. He specifically stated, however, he did not believe these violations were serious. Midlands argues it merely got ahead of itself at a time when it was working on numerous projects in an attempt to comply with the Department's order. It immediately stopped work on the projects when ordered to cease, and it finished the work only after the proper permits were issued. Failure to obtain the permits before starting construction was a clear violation of the law. We find the $4,000 penalty is not so excessive as to constitute an abuse of discretion.

### 5. Unpermitted Operation: $2,000

The judge cited Midlands for using sewer lines that were not buried three feet below ground. The Department eventually granted a variance to use these lines. Midlands should have followed the proper variance procedure before burying the sewer lines. Although courts require strict compliance with public permit requirements, courts also require good faith and prompt consideration of applications by public agencies. There is no evidence or claim by Midlands that the De-

partment failed to afford it due and prompt consideration. Therefore, the circuit court did not abuse its discretion by imposing a penalty for Midlands' admitted nonpermitted construction.

For these reasons, we affirm in part and reverse in part and remand. On remand, the circuit court shall reduce the penalty as directed by this opinion.

Affirmed in part, reversed in part and remanded.