THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Nancy R. Beach, Respondent,
 v.
 Gresham Communications of Walterboro, Inc.,
 a/k/a Gresham Communications, Inc; Gresham Broadcasting, Inc., and Rudi H.
 Gresham, Appellants.
 
 
 

Appeal From Colleton County
Harris Beach, Special Referee 

Unpublished Opinion No. 2008-UP-628
 Submitted November 3, 2008  Filed
November 12, 2008  

AFFIRMED

 
 
 
 Jackson Seth Whipper, of North Charleston, for Appellant.
 W. Andrew Gowder, Jr., and Daniel S. McQueeney, Jr., both of Charleston, for Respondent.
 
 
 

PER CURIAM: Gresham
 Communications, Inc. (Gresham) appeals the special referees appointment of a
 receiver to facilitate the assignment of Greshams Federal Communications
 Commission (FCC) license.  On appeal, Gresham contends the appointment of a
 receiver violates an FCC prohibition on a judicial sale and the appointment of
 a receiver contravenes FCC standards.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities: Lucas v. Rawl Family Ltd. Pship, 359 S.C. 505, 511, 598 S.E.2d 712, 715
 (2004) (stating an unappealed ruling, right or wrong is the law of the case); In re Care and Treatment of McCracken, 346 S.C. 87, 92, 551 S.E.2d 235, 238 (2001)
 (explaining an issue is deemed abandoned and will not be considered on appeal
 if the argument is raised in a brief but not supported by authority); Midlands
 Util., Inc. v. Dept. of Health and Envtl. Control, 301 S.C. 224, 228, 391
 S.E.2d 535, 538 (1990) (stating the appointment of a receiver is within
 the discretion of the circuit judge).
AFFIRMED.
WILLIAMS, PIEPER, and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
Rule 215, SCACR.