THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Carey E. Graham and Rodney A. Chardukian, Respondents,
 
 
 

v.

 
 
 
 Malcom M. Babb, Brenda R. Babb, Cable Plus of Carolina, Inc.,
 South Bay Lakes Cable Partnership, Southbridge Cable Television, LLC, and
 Renaissance Enterprises, Inc., now known as Condo Services, Inc., Defendants,
 Of Whom Brenda R. Babb and Renaissance Enterprises, Inc., now
 known as Condo Services, Inc., are Appellants.
 
 
 

 
Appeal From Horry County
Clifton Newman, Circuit Court Judge

Unpublished Opinion No.  2012-UP-130 
 Submitted February 1, 2012  Filed
February 29, 2012

AFFIRMED

 
 
 
 Brenda R. Babb, pro se, of Calabash, N.C.;
 and William I. Diggs, of Myrtle Beach, for Appellants.
 Frank H. DuRant, of Myrtle Beach, for
 Respondents.
 
 
 

PER CURIAM:  Brenda
 R. Babb and Condo Services, Inc. appeal the circuit court's order appointing a
 receiver, arguing the circuit court abused its discretion in authorizing powers
 of the receiver that exceeded the scope of the relief requested.[1] 
 We affirm,[2] finding the circuit court did not abuse its discretion in granting the receiver
 the power to sell the parties' franchise rights if necessary to preserve
 sufficient assets to cover a judgment.  See Midlands Util., Inc. v.
 S.C. Dep't of Health & Envtl. Control, 301 S.C. 224, 228, 391 S.E.2d
 535, 538 (1989) (holding that the appointment of a receiver is within the
 discretion of the circuit court); 65 Am. Jur. 2d Receivers § 6 (2011)
 ("[A] receiver's primary purpose is to preserve the property's value for
 those to whom it is ultimately determined that the property belongs so to
 accommodate all claims possible."); id. § 9 ("The drastic
 remedy . . . is to be invoked only where necessary for the protection of the
 parties and upon a clear showing of a danger of irreparable loss.").
AFFIRMED.
FEW, C.J.,
 HUFF and SHORT, JJ., concur.

[1] We note the appellants do not challenge the circuit
 court's appointment of the receiver.
[2] We decide this case without oral argument pursuant to
 Rule 215, SCACR.